The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jerry R. KURTS, Defendant-Appellant.

No. 83CA1328.

Colorado Court of Appeals, Div. I.

Feb. 20, 1986.

As Modified on Denial of Rehearing April 10, 1986.

Certiorari Denied July 7, 1986.

**1202**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Cynthia L. Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeffrey K. Holmes, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Jerry R. Kurts, appeals from the judgment of conviction entered pursuant to a jury verdict finding him guilty of first degree murder. We affirm.

The evidence showed that on December 15, 1980, the victim failed to return from a drug deal set for defendant's house. On December 28, 1980, defendant was contacted by an Arapahoe County Sheriff's Office surveillance team who observed him moving from his residence in Denver. The surveillance officers asked defendant to go to the sheriff's office the next week to talk with investigators about the victim's disap-

pearance. On December 30, 1980, defendant and his attorney went to the sheriff's office, and defendant, with his attorney present, was interviewed by Deputy Cain.

During this interview, defendant was not in custody nor was he given his *Miranda* warnings. Defendant, who stated he knew the victim but had no idea of his whereabouts, was not detained following the interview.

On January 6, 1981, the Arapahoe County Sheriff's Office contacted the Colorado Bureau of Investigation and asked for assistance as their investigation had taken them out of their jurisdiction. On January 14, 1981, the CBI searched defendant's former Denver address and found a large blood stain on the living room floor and numerous blood stains on the basement stairwell wall.

On February 17, 1981, defendant was arrested on charges of theft of rental property. While defendant was in Aurora City Jail awaiting disposition of the charge, he had to be hospitalized because of a respiratory problem and drug withdrawal.

Defendant pled guilty to the rental property charge and was given a county jail sentence. On February 28, 1981, while defendant was serving the county jail sentence, Deputy Cain and CBI investigators again interrogated defendant about the homicide. Prior to this interrogation, defendant was fully advised of his *Miranda* rights and signed a waiver of those rights. During this second interview, defendant confessed to killing the victim and led investigators to the victim's corpse. In his confession defendant stated that he had killed the victim in self-defense after the victim attacked him with a knife.

## I.

Defendant contends the trial court erred in not suppressing his confession. Defendant argues that threats by the officers and the fact that he was undergoing withdrawal from methadone when he made the statement operated to make it involuntary. In addition, defendant asserts that he invoked his *Miranda* right to counsel by voked his *Miranda* right to counsel by bringing an attorney with him to the December 30, 1980, interview. Accordingly, he argues that any statements made in the second interview are inadmissible unless it can be demonstrated that he initiated that conversation with the officers. We conclude the statement was neither involuntary nor made in violation of his right to counsel.

## A.

■ A confession is admissible only if it is a voluntary statement that is not the product of threats, coercion, or promises, either direct or indirect. *People v. Freeman,* 668 P.2d 1371 (Colo.1983). However, "an appellate court is bound by the trial court's factual findings when supported by adequate evidence in the record and will not lightly disturb the trial court's findings concerning the voluntariness of a defendant's statements." *People v. Harris,* 703 P.2d 667 (Colo.App.1985).

Here, the trial court found that defendant's confession was voluntarily made. The court specifically found that there was no evidence that any threats or coercion were used to obtain the statement. The court noted that defendant had been withdrawing from drugs but that the principal symptoms resulting therefrom had occurred more than a week prior to the interrogation and that such condition had no effect on the voluntariness of the confession. These findings are supported by the testimony of the officers that no threats, coercion, or promises were used to obtain defendant's confession, and by their testimony that not only did defendant appear not to be suffering withdrawal symptoms at the time of the February 28, 1981, confession, but also that, in their experience, most addicts would not be suffering from symptoms after being without drugs for 11 days. Hence, we conclude the trial court did not err in denying defendant's motion on this ground.

## B.

■ Any statement made by an accused after he invokes his right to counsel will be

deemed inadmissible unless the trial court determines that the accused initiated further communication with the police and that the statements were preceded by a valid waiver of the right to counsel and right to remain silent. *People v. Pierson,* 670 P.2d 770 (Colo.1983); *People v. Fox,* 691 P.2d 349 (Colo.App.1984). This rule was designed to evaluate the waiver of *Miranda* rights once invoked by an accused. *See People v. Cerezo,* 635 P.2d 197 (Colo.1981).

However, the procedural safeguards of *Miranda* are triggered only when a suspect is interrogated in a custodial setting. *People v. Corley,* 698 P.2d 1336 (Colo.1985). The test of when a person is in custody is whether a reasonable person in the defendant's circumstances would have believed that he was free to leave the officer's presence. *People v. Thiret,* 685 P.2d 193 (Colo.1984).

Here, on December 30, 1980, defendant voluntarily went to the sheriff's office to speak with investigators. Prior to the interview, Deputy Cain told defendant's attorney that defendant was not under arrest and that he did not feel it was necessary to read him *Miranda* warnings. There was no evidence that would indicate that defendant felt he was in custody during this interview. Hence, we conclude that this interview was not a custodial interrogation of a criminal suspect, and thus, defendant's *Miranda* right to counsel did not arise at that time. *People v. Corley, supra.*

Because bringing an attorney to a noncustodial interrogation does not invoke the *Miranda* right to counsel, defendant's later confession could be admitted without the necessity of proving that defendant first initiated the communication with police. The prosecution merely had to prove a valid waiver of *Miranda* rights followed by a voluntary statement. *People v. Pierson, supra.* The trial court, on supporting evidence, found that defendant properly waived his *Miranda* rights prior to giving the statement and that his statement was voluntary. Hence, the trial court did not err in denying defendant's motion to suppress on this ground.

## II.

Defendant contends that the trial court erred in admitting pictures of the victim's decomposed corpse that were taken shortly after the body was discovered. We disagree.

One picture shows a fully clothed body wrapped with canvas and rope with a clenched fist protruding from the canvas. The other photo shows the corpse with an obvious head wound. Defendant argued that the photos were irrelevant, highly prejudicial, and cumulative of testimony given at trial. These pictures were admitted by the court following testimony of the pathologist who performed the autopsy on the victim.

Photographs are admissible to depict graphically anything a witness may have described in words, provided that the prejudicial effect of the photographs does not far outweigh their probative value. *People v. Roark,* 643 P.2d 756 (Colo.1982). Photographs depicting the circumstances surrounding the victim's death, such as the appearance of the victim and the location and nature of the wounds, have probative value in a homicide case. *People v. Thorpe,* 641 P.2d 935 (Colo.1982); *People v. White,* 199 Colo. 82, 606 P.2d 847 (1980).

Here, the pictures of the location of the wound were properly admitted to illustrate graphically the testimony of the pathologist. The picture of the victim's body covered with canvas and rope was properly admitted to illustrate the circumstances surrounding the victim's death as testified to by officers discovering the body. The care the defendant went to in order to conceal the body was probative of his intent in committing the crime and tended to negate his claim of self defense. Thus, we conclude the trial court did not abuse its discretion in admitting the photographs. *See People v. Viduya,* 703 P.2d 1281 (Colo. 1985).

## III.

■ Defendant also contends the trial court gave an erroneous instruction on the defense of intoxication. We disagree.

Defendant argues that the trial court erred in giving an intoxication instruction that suggested that the prosecution did not have the burden of proof on the issue. The objectionable instruction was one of three instructions given on the intoxication issue. In the instruction complained of, the jurors were instructed that they were to consider the evidence of intoxication and give it the weight to which it was entitled.

In determining the propriety of any one instruction the instructions must be considered as a whole, and if the instructions as a whole properly instruct a jury then there is no error. *Chambers v. People,* 682 P.2d 1173 (Colo.1984).

Here, the prosecution's burden of proof on the affirmative defense was properly explained to the jury in an earlier instruction. The instructions as a whole properly instructed the jury on the law: thus, the trial court did not err by giving the challenged instruction.

## IV.

■ Defendant contends the trial court erred in giving an instruction not supported by the evidence in the case. We disagree.

Defendant argues that the court erred by instructing the jury on the initial aggressor exceptions to the self-defense rule. It is defendant's position that there was no evidence that he was the initial aggressor. The prosecution argues that the evidence of the victim's peaceful character admitted to rebut defendant's self-defense claim raises an inference that defendant may have been the initial aggressor, or the victim was provoked to attack him.

The trial court should instruct on a principle of law when there is some evidence to support it, but should not instruct on abstract principles of law unrelated to the issues in controversy. *People v. Alexander,* 663 P.2d 1024 (Colo.1983).

Here, there is no merit to defendant's argument that the record did not support giving the complete self-defense instruction. The factual question of whether defendant or the victim was the initial aggressor was placed in issue by the character evidence of the victim as a peaceful person, and the evidence concerning the method by which the fatal wounds were inflicted. Once the initial aggressor issue was properly before the jury, the court did not err in fully instructing the jury on all aspects of the initial aggressor rule.

Defendant contends that it was error for this court to not rule on one of his grounds for appeal: that he had not waived his constitutional right to testify in his own defense. We have considered this argument and conclude that it is without merit.

The judgment of conviction is affirmed.

PIERCE and KELLY, JJ., concur.