The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Donna Marie AVERY,**
**Defendant-Appellant.**

No. 84CA0364.

Colorado Court of Appeals,
Div. I.

Nov. 26, 1986.

Rehearing Denied Dec. 31, 1986.

Certiorari Denied (Avery) May 18, 1987.

**1234** 

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Nunn & Holden, P.C., Leslie E. Nunn, Denver, for defendant-appellant.

TURSI, Judge.

The defendant, Donna Marie Avery, appeals a judgment of conviction entered on a jury verdict finding her guilty of first degree murder after deliberation. Defendant asserts the trial court erred in 24 particulars. These alleged errors may be summarized as follows: (1) declaring a mistrial during jury selection which denied her right to a speedy trial under § 16–4–103, C.R.S. (1986 Repl. Vol. 8A) and subjected her to double jeopardy; (2) requiring complete sequestration of the jury throughout the trial; (3) failing to grant a mistrial after the prosecutor made an inflammatory statement during jury selection; (4) ruling against the defendant on several evidentiary issues; and (5) admitting two videotapes into evidence. We affirm.

Defendant's husband was shot and killed in the basement of the family home. The couple was in the process of obtaining a dissolution of marriage. The husband had recently moved out of the house but had returned to discuss the property settlement and to mark some of his property. The prosecution alleged the defendant hid in the basement with a rifle, waited for her husband to come down the stairs, and shot him as he entered the basement. The defendant maintained her husband asked her to hand him the rifle so he could mark it and was shot when it accidentally discharged.

## I

The defendant contends that the trial court erred by declaring a mistrial during the course of jury selection when the matter was first called for trial. She asserts the mistrial denied her right to a speedy trial under § 16–4–103 and subjected her to double jeopardy. We disagree.

### A. Speedy Trial

The defendant was free on bond until the conclusion of her preliminary hearing. At that hearing, the trial court found the proof was evident and the presumption great in this capital offense case; therefore, the defendant had no right to bail, and the court ordered that she be taken into custody. See Colo. Const. art. II, § 19 (1986 Cum.Supp.)

Trial commenced on November 29, 1983, which was within 90 days of her being taken into custody, but ended in mistrial during jury selection because the trial court found there would be an insufficient number of jurors available to serve on a sequestered jury through the Christmas and New Year holidays. The trial court would have been required to sequester the jury had one been sworn. See Crim.P. 24(f) (as in effect at the time of this jury selection); *People ex rel. Faulk v. District Court*, 667 P.2d 1384 (Colo.1983). The second trial commenced January 3, 1984, which was 114 days after the defendant was remanded to custody.

The defendant contends this was a violation of her right to a speedy trial under

§ 16–4–103(2), C.R.S. (1986 Cum.Supp.), which provides in part:

> "Further conditions of every bail bond shall be that the released person not commit any felony while at liberty on such bail bond and that the court in which the action is pending have the power to revoke the release of the defendant, to increase the bail bond, or to change any bail bond condition, if it is shown that a competent court has found probable cause to believe that the defendant has committed a class 1, 2, 3, or 4 felony while released pending adjudication of a prior felony charge.... Any defendant whose bail bond is revoked or increased under an order entered *pursuant to this section* and who remains in custody must be tried on the charges on which the bail bond has been increased or revoked within ninety days after such order or within six months after his arraignment on such charges, whichever date is earlier." (emphasis added)

■ However, defendant's bond was revoked under Colo. Const. art. II, § 19, not under § 16–4–103(2). The statute applies only to a defendant whose bond is revoked or increased pursuant to it. Therefore, the defendant had no right to a trial within 90 days under the statute. *See People v. Mascarenas,* 706 P.2d 404 (Colo.1985).

### B. Double Jeopardy

■ The defendant also contends that since the first trial ended in a mistrial requiring the second trial, she was subjected to double jeopardy. This claim is without merit. The jury selection was not completed in the first trial. Jeopardy does not attach until the jury has been impaneled and sworn. *People v. Paulsen,* 198 Colo. 458, 601 P.2d 634 (1979). Since jeopardy did not attach in the first trial, the defendant was not subjected to double jeopardy.

### II

The defendant asserts the trial court erred in sequestering the jury which heard the second trial. Crim.P. 24(f) was amended effective January 1, 1984, leaving the decision to sequester the jury to the trial court's discretion. Defendant contends that because the sequestration denied the jurors contact with their families and the outside world, it made the jurors virtual prisoners for the 21 days of trial and, therefore, prejudiced them against the defendant. We disagree.

■ This case received a great deal of pretrial publicity. The trial court stated its concern about media coverage during the trial and, therefore, sequestered the jury. The defendant did not object to the sequestration nor demonstrate that she was prejudiced by it. The trial court decision to sequester was well within its discretion. *Jones v. People,* 711 P.2d 1270 (Colo.1986); *People v. Mackey,* 185 Colo. 24, 521 P.2d 910 (1974).

### III

The defendant asserts the trial court erred in failing to grant a mistrial because of a comment made by the prosecutor. During jury selection, the prosecutor made a reference to the fact that "nobody—Ron Avery, the victim, is not sitting at the plaintiff's table." The defendant moved for mistrial because the statement was "inflammatory." The trial court refused to grant the mistrial.

■ Mistrial is a drastic remedy to be granted only if the prejudice to the accused is too substantial to be remedied by other means. *People v. Abbott,* 690 P.2d 1263 (Colo.1984). The prosecutor's statement was *de minimus* in the context of a four-week trial and was remedied by the trial court, which sustained the defendant's objection to the remark and instructed the jury not to consider matters stricken from the record. Accordingly, the trial court was within its discretion in denying the mistrial. *People v. Abbott, supra.*

### IV

The defendant next contends the trial court erred in making certain evidentiary rulings. We disagree.

### A. State of Mind Testimony

The defendant asserts the trial court erred when it refused to permit her to testify concerning her own and the victim's state of mind prior to the shooting. In support of this contention, defendant relies upon CRE 803(3), which provides that hearsay statements regarding a declarant's then existing state of mind are admissible.

■ The record shows the court did permit all the direct and redirect testimony the defendant wanted to present regarding her state of mind. And, it did sustain objections to some solicited testimony calling for victim's hearsay statements. However, defendant made no offer of proof to establish what the victim said; therefore, there is no record upon which to determine whether the statements went to the victim's state of mind. Under such circumstances, the trial court did not abuse its discretion in sustaining the objection to exclude the solicited hearsay testimony. *People v. Madson,* 638 P.2d 18 (Colo.1981).

### B. Suppressed Evidence Violating Due Process

The defendant also asserts the trial court erred by not suppressing evidence as to the operation of the rifle. The prosecution's weapons expert "dry fired" and otherwise handled the rifle before the defendant had the opportunity to inspect it. The defendant theorizes there may have been debris in the carrier of the rifle which caused it to discharge accidentally but the handling of the rifle by the expert destroyed that evidence. On this basis, the defendant contends the prosecution violated her right to due process by, in effect, suppressing favorable evidence. We disagree.

■ The destruction by the prosecution of material evidence favorable to the accused violates due process. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The test to establish a violation of due process when evidence has been lost or destroyed is: (1) whether the evidence was suppressed or destroyed by the prosecution; (2) whether the evidence is exculpatory; and (3) whether the evidence is material to the defendant's case. *People*

*v. Viduya,* 703 P.2d 1281 (Colo.1985); *People v. Morgan,* 199 Colo. 237, 606 P.2d 1296 (1980); *see also People v. Gann,* 724 P.2d 1318 (Colo.1986).

■ In this case, the trial court made a factual finding at the suppression hearing that the alleged debris in the gun did not exist. Since its finding of fact is supported by competent evidence in the record, the ruling will not be set aside on appeal. *People v. Walker,* 666 P.2d 113 (Colo.1983).

### C. Cellmate's Testimony

The defendant asserts the trial court erred by refusing to allow her to call her cellmate to testify concerning statements the defendant made to her during the course of the trial. The statements were consistent with the defendant's version of the incident. The trial court ruled the testimony was hearsay and not within an exception. We agree.

■ The defendant maintains her cellmate's testimony is not hearsay because it is a prior consistent statement within CRE 801(d)(1)(B). However, to qualify under the rule, the declarant must testify at the trial and be subject to cross-examination concerning the statement. CRE 801(d)(1). Here, the defendant was the declarant. When the defendant attempted to call her cellmate to testify, the defendant had not yet testified and could have still invoked her constitutional right not to testify. *See People v. Layton,* 200 Colo. 59, 612 P.2d 83 (1980). Therefore, the cellmate's testimony did not satisfy the criteria of the rule because the defendant was not available to the prosecutor for cross-examination concerning the possibility of recent fabrication or improper influence or motive. *See* CRE 801(d)(1). Moreover, generally such self-serving hearsay declarations made by the defendant are excluded because there is nothing to guarantee their trustworthiness. *People v. Cunningham,* 194 Colo. 198, 570 P.2d 1086 (1977); *People v. Abeyta,* 728 P.2d 327 (Colo.App.1986).

### V

The defendant also asserts the trial court erred in admitting two videotapes into evidence. We disagree.

 Although the admissibility of videotapes in a criminal case is an issue of first impression in Colorado, it is a question that has been addressed in other jurisdictions and has produced a uniform answer. A videotape is ordinarily admissible to illustrate or explain anything a witness may describe in words. Annot., 60 A.L.R.3d 333 (1974). The law and policy governing the admissibility of photographs and motion pictures applies to videotapes. Annot., 60 A.L.R.3d 333 (1974); *see* § 13–25–130, C.R.S. (1986 Cum.Supp.); CRE 1001(2); *Lanford v. People,* 159 Colo. 36, 409 P.2d 829 (1966). We adopt this as the law in Colorado.

 The first videotape in this case depicts the crime scene and the victim's body as they were shortly after the shooting. It shows the layout of the house, the position of the victim relative to the basement entryway, the pen and paper the victim allegedly planned to use to mark the rifle, and the bullet hole in the wall, all of which were issues at the trial. Thus, the videotape had probative value in the trial. *People v. White,* 199 Colo. 82, 606 P.2d 847 (1980); *People v. Kurts,* 721 P.2d 1201 (Colo.App.1986). The trial court determined the videotape was not cumulative and was within its discretion in admitting it. *See People v. Viduya, supra; People v. Kurts, supra.*

 The second videotape shows one of five tests performed on the rifle. In it, the investigator strikes the rifle with his hand to determine whether it will discharge accidentally. The rifle does not accidentally discharge. The defendant contends it was error to show one test on videotape while the other tests were described in testimony only. We disagree.

The second videotape illustrated what a witness present at the testing could describe in words. The trial court ruled it had probative value to illustrate the test. It also limited the evidence by not allowing the jury to view it during its deliberations since the videotape was testimonial in character. The trial court was within its discretion in its determination that the videotape's probative value was not outweighed by unfair prejudice. *See* CRE 403; *People v. Rubanowitz,* 688 P.2d 231 (Colo.1984).

We have considered and rejected the defendant's remaining arguments.

Judgment affirmed.

PIERCE and CRISWELL, JJ., concur.