The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

John James HOWARD, Defendant–
Appellant.

No. 93CA0781.

Colorado Court of Appeals,
Div. I.

June 2, 1994.

Rehearing Denied July 14, 1994.

Certiorari Denied Jan. 17, 1995.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, John James Howard, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child by one in a position of trust. He also appeals the sentence imposed. We affirm the judgment of conviction, vacate the sentence in part, and remand the cause for correction of the mittimus.

I.

Defendant first contends that his advisement pursuant to *People v. Curtis*, 681 P.2d 504 (Colo.1984) was so deficient as to warrant reversal of his conviction. We do not agree.

■ A defendant in a criminal case has the constitutional right to testify in his own defense. Accordingly, for any waiver of the right to testify to be deemed voluntary, knowing, and intentional, a defendant must be advised of the consequences of both testifying and not testifying. *People v. Chavez*, 853 P.2d 1149 (Colo.1993).

A.

■ Defendant first asserts that his *Curtis* advisement was deficient because the trial court failed to tell him that the decision to testify was his personal right. While we agree with defendant that the advisement here did not contain such a direct statement, a review of the totality of the advisement indicates that the decision was personal to defendant.

During the advisement, the trial court asked defendant several times in several different ways whether the decision was his personal decision, and each time the defendant answered in the affirmative. For example, the following colloquy occurred:

THE COURT: Your lawyer has just told me that he is going to rest your case and he has told me that you have determined not to testify.

MR. HOWARD: That is right, sir.

THE COURT: Whose decision is that?

MR. HOWARD: Mine.

. . . .

THE COURT: Is your decision based upon advice of counsel?

MR. HOWARD: It's my own decision, sir.

. . . .

THE COURT: And your choice, then, is you would rather remain silent than get up here and be subjected to cross-examination about the facts of this case and about your background; is that correct?

MR. HOWARD: Yes.

THE COURT: And that is your decision and your decision alone?

MR. HOWARD: Yes.

. . . .

THE COURT: Is that decision a free and voluntary one on your part?

MR. HOWARD: Yes.

. . . .

THE COURT: Do you feel that that is the kind of thing that you ought to decide by yourself or do you think it should be decided after you have talked with other people other than your lawyer? In other words, what I'm asking you is do you think you need more time to consider the decision that you are making, because it is your decision?

MR. HOWARD: No, I don't need any more time.

. . . .

THE COURT: And that is a free and voluntary act on your part?

MR. HOWARD: Yes.

In our view, these portions of the record indicate that the defendant understood that the decision whether to testify was personal to him, that he had had ample time to make that decision, and that he was making the decision of his own free will. Consequently, we reject his contention that the *Curtis* advisement was deficient in this regard.

### B.

█ Defendant next argues that the trial court failed to tell him that if he chose to testify, and cross-examination revealed prior felony convictions, the jury would be instructed to consider the convictions only as they bore upon his credibility. While we agree that the *Curtis* advisement is deficient in this respect, we conclude that the error was harmless.

The defendant argues that our supreme court's recent decision in *People v. Milton*, 864 P.2d 1097 (Colo.1993), is dispositive. However, in our view, it is distinguishable.

In *Milton*, the supreme court found that the advisement given the defendant was incomplete and inadequate because the trial court had failed to advise her of the limited purpose for which prior felony convictions could be used. In that case, the defendant had a felony conviction for larceny which had occurred 21 years before her trial in the case at hand.

Here, in contrast, the defendant had no prior felony convictions at all. In 1991, pursuant to the version of § 16–7–403(2), C.R.S. (1986 Repl.Vol. 8A) then in effect, he had been granted a deferred judgment and sentence for a period of one year. He was released from supervision, and that case was dismissed with prejudice on March 4, 1992. The date of the offense in this case was May 9, 1992. Accordingly, pursuant to the terms of § 16–7–403(2), defendant had no prior felony convictions. *See* CRE 410; *see also Hafelfinger v. District Court*, 674 P.2d 375, 377 fn. 3 (Colo.1984).

Consequently, although the better practice, based on our reading of *Milton, Chavez,* and *Curtis,* is for a trial court to give the entire *Curtis* advisement in all cases, here, because defendant had no prior felonies, omission of an explanation of the effect of prior felonies was harmless error.

### C.

Defendant also contends that the trial court erred in failing to find that he had waived his right to testify voluntarily, knowingly, and intentionally. Again, we refuse to reverse on this basis.

While the trial court made no specific findings concerning defendant's waiver of his right to testify, the record shows that the defendant persisted in stating that the decision was his and his alone, and was his free and voluntary act. Consequently, while the entry of findings would have been preferable, we conclude that the absence of findings cannot be bootstrapped into an implicit determination of the involuntariness of defendant's waiver.

### II.

Defendant also contends that the trial court abused its discretion in denying his challenge for cause to a prospective juror. We find no error.

A trial court must sustain a challenge for cause of a prospective juror if there exists a state of mind in the juror evincing enmity or bias toward the defendant or the state. Section 16–10–103(1)(j), C.R.S. (1986 Repl.Vol. 8A). However, if the court is satisfied that the prospective juror will render an impartial verdict according to the law and the evidence admitted at trial, that person should not be disqualified. Crim.P. 24(b)(1)(X).

█ Trial courts are afforded broad discretion in ruling on challenges for cause to prospective jurors, and decisions denying such challenges will be set aside only when a clear abuse of discretion is disclosed by the record. *People v. Drake*, 748 P.2d 1237 (Colo.1988).

█ Here, although the prospective juror advised the court and counsel that she

worked with children and basically believed them to be honest, she also indicated that she would apply the principles of law given by the court at the conclusion of the evidence. As the prosecutor noted in responding to defense counsel's challenge for cause: "[Defense] counsel tried more than once to get her to admit that she would base her decision simply on the fact that a six-year-old girl testifies and she [said] she would have to hear all the evidence before she made her decision, which is what the rule is requiring her to do...." The trial court made the same point in its findings denying defense counsel's challenge for cause, and we find no abuse of discretion.

### III.

Finally, defendant contends, and the People concede, that the trial court exceeded its jurisdiction when it imposed a mandatory term of parole as part of his sentence.

*Qureshi v. District Court,* 727 P.2d 45 (Colo.1986) is dispositive of the issue in its holding that, for sentences imposed at the time of defendant's sentencing, the parole determination no longer rests with the sentencing court. Rather, the decision to grant parole is within the exclusive province of the Parole Board. *See generally* § 17–2–201, C.R.S. (1993 Cum.Supp.).

The judgment of conviction is affirmed, that portion of the sentence imposing a period of parole is vacated, and the cause is remanded to the trial court for correction of the mittimus.

RULAND and ROY, JJ., concur.