The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Phillip Michael MONTOYA,
Defendant–Appellant.

No. 94CA1199.

Colorado Court of Appeals,
Div. IV.

May 2, 1996.

Rehearing Denied June 6, 1996.

Certiorari Denied Nov. 25, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Phillip Michael Montoya, appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted second degree murder and four counts of second degree assault. He contends that an inadequate advisement concerning his right to testify and two errors in the self-defense instructions require reversal. We affirm.

From the evidence presented, the jury could have found the following facts. Defendant and a friend, who were on foot, made gestures at a passing car containing four passengers. The man driving stopped, argued with the two, and drove off. However, when he heard what sounded like a gunshot, the driver turned around and stopped, opened his trunk so as to appear to be retrieving a weapon, and returned to the driver's seat. More shots were fired at the car, and the driver used the car to chase the two.

Defendant and his friend ran from the car, past a group of young people, and into an alley. Recognizing at least one of the two, the group ran towards the alley to see what was happening. At his friend's urging, defendant shot the first member of the group to enter the alley.

## I.

Defendant contends that omissions in his advisement concerning his decision whether to testify require that his convictions be reversed. Under the circumstances presented here, we do not agree.

█ To assure that a defendant's waiver of the right to testify is knowing, voluntary, and intentional, the trial court must advise the defendant of the consequences of testifying and not testifying. *See People v. Milton*, 864 P.2d 1097 (Colo.1993); *People v. Curtis*, 681 P.2d 504 (Colo.1984). No prescribed litany is mandated, but the advisement must include the elements articulated in *Curtis* in order to avoid misleading a defendant about the consequences of the decision. *People v. Chavez*, 853 P.2d 1149 (Colo.1993).

■ Here, in compliance with *Curtis,* the court instructed defendant, among other things, that he had a right to testify, that if he testified evidence of prior felony convictions could be introduced, and that the decision whether to testify was his personal decision. However, the trial court did not advise defendant that, if he testified, evidence of any prior convictions could be used *only* for impeachment purposes. In addition, the trial court failed to advise defendant that, if he did not testify, the jury would be instructed that his failure to testify could not be used against him. Defendant nevertheless chose not to testify.

Relying on the decision in *People v. Milton, supra,* defendant contends that, because the advisement did not include two basic elements impacting the decision whether to testify, his convictions must be reversed. The supreme court in *Milton* reversed the conviction of a defendant who, after receiving an inadequate *Curtis* advisement, chose not to testify. Noting that one of the purposes of a proper advisement was to eliminate speculation about, or further proceedings to determine, what a defendant may have believed to be the consequences of testifying, the court in *Milton* concluded that a defendant need not prove prejudice resulted from an inadequate advisement in order to prevail.

We recognize the similarities in the circumstances addressed by the court in *Milton* and those presented here. We nevertheless conclude that, because of important differences in those circumstances, *Milton* does not require reversal.

As in this case, the trial court in *Milton* had failed to inform the defendant that, if she chose to testify, the jury could be instructed regarding the limited use of the impeachment evidence. Likewise, the trial court had failed to inform the defendant that if she chose not to testify, the jury would be instructed concerning her privilege against self-incrimination.

Here, however, defendant had no prior felony convictions and in any event, unlike the defendant in *Milton,* was informed that prior felony convictions in fact could be used to impeach his testimony. Further, again in contrast to the situation here, the trial court in *Milton* did not inquire whether the defendant wished to testify, and the defendant gave no indication whether she desired to testify.

The supreme court's admonition in *Milton* against speculating whether a defendant was actually prejudiced by an inadequate advisement was in the context of circumstances in which, although unlikely, a defendant with a proper advisement might have chosen to testify. In contrast, the omissions from the advisement in this case could not possibly have had any impact other than to reinforce defendant's decision not to testify.

■ When, as here, we are presented with not merely no showing of prejudice, but indeed an impossibility of prejudice, it would not serve the ends of justice to reverse an otherwise valid conviction. *See People v. Howard,* 886 P.2d 296 (Colo.App.1994)(because the defendant had no prior felony convictions, *Milton* did not mandate reversal despite the trial court's failure to advise the defendant concerning prior felony convictions); *see also People v. Trujillo,* 860 P.2d 542 (Colo.App.1992); *cf. Key v. People,* 865 P.2d 822 (Colo.1994). Thus, the inadequacies in defendant's advisement do not require reversal.

## II.

Defendant claims that, in regard to the charge of attempted second degree murder, the trial court erred in instructing the jury that the use of physical force is not justified by one who is the initial aggressor. He argues that the instruction requires reversal because there was no evidence that he initiated the confrontation with the attempted murder victim's group. We perceive no reversible error.

An initial aggressor is not justified in using physical force and, thus, is not entitled to a defense of self-defense, unless he or she withdraws from the encounter and effectively communicates to the other person an intent to do so, but the latter nevertheless continues or threatens the use of physical force. *See* §§ 18–1–704(3)(a) & 18–1–704(3)(b), C.R.S. (1987 Repl.Vol. 8B); *People v. Willner,* 879 P.2d 19 (Colo.1994).

■ The trial court should instruct the jury on a principle of law when there is some evidence to support the instruction. Howev-

er, the court should not instruct on abstract legal principles unrelated to the issues in controversy. *People v. Kurts*, 721 P.2d 1201 (Colo.App.1986).

■ Here, the uncontroverted evidence indicated that the victim was still some 20 to 25 feet away from defendant when the shot was fired. No evidence was introduced that the victim or any of his associates in any way threatened defendant.

The only theory justifying a self-defense instruction on the charge of attempted second degree murder is that defendant and his friend could have reasonably perceived that the victim was acting in concert with the driver of the car when the victim followed the two into the alley. Indeed, defense counsel in closing argument suggested that the jury could infer from the evidence that the driver had gone around to the other end of the alley, trapping defendant and his friend between the driver and the oncoming victim.

However, under such a theory, the jury could find that defendant and his friend were the initial aggressors in shooting at the car. It would then have been for the jury to determine whether defendant had communicated the desire to withdraw and in fact had withdrawn. We therefore conclude that, having determined to give the self-defense instruction requested by defendant, the trial court did not commit reversible error in further instructing the jury on the initial aggressor exception to self-defense.

### III.

Finally, defendant contends the trial court erred in not providing the jury a self-defense instruction which addressed not only use of unlawful physical force by the victim but also by members of the victim's group. We again disagree.

■ The doctrine of invited error provides that a party may not complain on appeal of an error that the party has invited or injected into the case. This doctrine applies to jury instructions. *People v. Zapata*, 779 P.2d 1307 (Colo.1989).

■ Here, defendant tendered to the court the pattern jury instruction on self-defense, which referred only to the use or imminent use of unlawful physical force by the victim. The court gave the same instruction to the jury. Thus, because defendant provided this instruction, he cannot complain on appeal that the trial court erred by giving it to the jury as submitted. *See People v. Zapata, supra.*

■ Moreover, because no objection was made, our review of the asserted error would in any event be limited to a determination whether the trial court committed plain error. *See People v. Zapata, supra,* (Quinn, C.J., specially concurring)(would apply plain error standard to permit review of invited errors that raise substantial questions as to the underlying fairness and integrity of the factfinding process). Plain error is that which so undermines the fundamental fairness of a trial as to cast serious doubt on the reliability of the ultimate verdict. *See Harris v. People*, 888 P.2d 259 (Colo.1995).

■ Here, the evidence was undisputed that only the victim had entered the alley when he was shot. In these circumstances, we cannot say that the failure to modify the instruction tendered by defendant amounts to plain error. *See People v. Cuevas*, 740 P.2d 25 (Colo.App.1987); *see also People v. Kurts, supra.*

Judgment affirmed.

MARQUEZ and KAPELKE, JJ., concur.