**Edward W. MIDDLETON and Nancy Middleton, Plaintiffs–Appellants,**

v.

**Marlene H. BECKETT, Defendant–Appellee.**

No. 96CA1846.

Colorado Court of Appeals, Div. V.

May 14, 1998.

Lloyd C. Kordick & Associates, Lloyd C. Kordick, Colorado Springs, for Plaintiffs–Appellants.

Paul S. Edwards & Associates, Robert D. Jones, Fotios M. Burtzos, Colorado Springs, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

In this personal injury action, plaintiffs, Edward W. Middleton (husband) and his wife, Nancy Middleton, appeal the judgment entered on a jury verdict in favor of defendant, Marlene H. Beckett, finding that defendant had not caused plaintiffs' injuries. We remand for further proceedings.

Following a collision in which a car driven by defendant rear-ended a vehicle occupied by both plaintiffs, plaintiffs sued. The trial court determined that defendant was negligent in the operation of her vehicle and that her negligence was the sole cause of the accident between plaintiffs and defendant. Nevertheless, the jury returned a verdict that husband did not suffer any injuries.

## I.

■ Plaintiffs first contend that the trial court committed reversible error when it ruled as a matter of law that *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) did not apply to civil trials and that, therefore, defendant was not required to furnish race-neutral reasons for using her peremptory challenges to dismiss all minority jurors from the panel. Defendant conceded at oral argument that *Batson* applies in civil cases. We agree and conclude that a remand for further proceedings is necessary for resolution of this issue.

The United States Supreme Court has held that in a civil trial exclusion on account of race violates a prospective juror's equal protection rights and that a court must entertain a challenge to a private litigant's racially discriminatory use of peremptory challenges. *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). In *Edmonson*, the Supreme Court stated that the approach in *Batson* to determine whether a *prima facie* case has been established applies in the civil context.

Here, the limited record indicates that plaintiffs' counsel advised the court of his concern that defendant had exercised peremptory challenges to exclude all the minority members from the jury, and that the challenges were racially motivated. The court advised that it "has no awareness that the Batson case has any bearing on a civil case jury selection and denies the motion."

Following trial, plaintiffs filed a motion for a new trial asserting that, pursuant to *Edmonson*, the Supreme Court has applied the reasoning of *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) to civil cases. In her response to this motion, defendant conceded that the minority jurors were excused through the use of peremptory challenges. Defendant, however, offered race-neutral explanations for their removal. The court denied the motion without a hearing and without stating a basis for its ruling.

■ When the trial court does not make all the findings necessary under the *Batson* analysis, the appropriate remedy is to remand for further proceedings. *People v. Mendoza*, 876 P.2d 98 (Colo.App.1994). Accordingly, the cause must be remanded for further proceedings for the trial court to make the findings necessary under *Batson*.

## II.

■ Plaintiffs next contend that they were denied a fair trial because defendant failed to disclose all surveillance videotapes made of husband, despite plaintiffs having made requests during pretrial discovery for all such videotapes. We conclude that a remand for further proceedings is necessary.

■ C.R.C.P. 26 through 37 authorize comprehensive pretrial discovery and are intended to facilitate and simplify the issues and avoid surprises at trial. *Ricci v. Davis,* 627 P.2d 1111 (Colo.1981).

■ Surveillance movies demonstrating a personal injury plaintiff's ability to carry on certain activities are discoverable and are subject to production through pretrial procedure. *Lascano v. Vowell,* 940 P.2d 977 (Colo. App.1996).

Here, plaintiffs requested: (1) all photographs, videotapes, or other recordings of either plaintiff for the purpose of surveillance or evaluation of plaintiffs' claims or injuries; and (2) all reports of any insurance adjusters, agents, investigators, and insurance representatives regarding any investigation of this case.

The only videotape that was disclosed was one of husband, taken on June 2, 1996, showing him repairing the brakes on his wife's car. On June 10, 1996, defendant's counsel filed a supplemental disclosure certificate indicating that defendant might use the tape at trial.

However, the billing records submitted after the trial, in support of defendant's request for an award of costs, indicate that defendant sought costs for "In Photo Surveillance" for at least ten days between November 1994 and April 1996. The surveillance company's receipts include charges for photographic expenses and report preparation and handling.

On appeal, defendant does not assert that the June 2, 1996, video was the only videotape or report generated by the investigators. Rather, she argues that any other evidence would have been cumulative to all other evidence presented by plaintiffs during the trial. Because there is no indication that the surveillance videos were made available to the court or plaintiffs for review, we are not persuaded by defendant's argument.

Thus, we conclude that a remand is necessary for the trial court to determine whether other videotapes were generated by defendant over the course of the surveillance and whether they should have been disclosed to plaintiffs. If the trial court determines that defendant has failed to comply with the disclosure rules, the court may, at its discretion, order a new trial or impose other sanctions. *See J.P. v. District Court,* 873 P.2d 745 (Colo. 1994).

### III.

■ Plaintiffs also contend that the trial court erred in allowing the testimony of a psychiatrist who examined husband. Specifically, plaintiffs allege that the psychiatrist, who was permitted to testify, was one of his treating physicians, and had improperly participated in an *ex parte* communication with defendant's counsel. Defendant contends that the psychiatrist was an independent medical examiner. We reject plaintiffs' argument.

Section 13–90–107(1)(d), C.R.S.1997, provides, in pertinent part:

A physician ... shall not be examined without the consent of his patient as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient. . . .

■ A psychiatrist comes within the purview of this section, *Bond v. District Court,* 682 P.2d 33 (Colo.1984), and this privilege is personal to the patient. *Stauffer v. Karabin,* 30 Colo.App. 357, 492 P.2d 862 (1971).

■ The burden of establishing the applicability of the privilege rests with the claimant of the privilege. *Clark v. District Court,* 668 P.2d 3 (Colo.1983).

Prior to the testimony of the psychiatrist, the court held a hearing at which it determined that there was no physician-patient relationship between the psychiatrist and husband. Accordingly, the court ruled that it would not strike the psychiatrist as a witness. However, the court did limit the testimony of the psychiatrist to the reports presented in discovery. We find no error in the trial court's ruling.

The record supports the trial court's determination that, because the psychiatrist had not undertaken any medical responsibility, subjected husband to any tests, or prescribed any medication, no physician-patient relation-

ship was created. *See Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993).

■ In any event, when a patient initiates a civil action and by alleging a physical or mental condition as a basis for a claim of damages injects that issue into the case, the patient waives his or her physician-patient privilege with respect to the medical condition. *Samms v. District Court,* 908 P.2d 520 (Colo.1995).

Accordingly, the trial court did not err in admitting the psychiatrist's testimony.

### IV.

■ Contending that the jury verdict is contrary to the uncontested evidence and inconsistent with the trial court's directed verdict on the issues of liability and injury, plaintiffs assert that the trial court committed reversible error in denying their motion for a new trial. Subject to the rulings set forth above, we conclude that reversal is not required on this basis.

■ The decision whether to grant a motion for a new trial is within the discretion of the trial court. *Reifschneider v. City & County of Denver,* 917 P.2d 315 (Colo.App. 1995).

■ A jury verdict will not be reversed for inconsistency if a reading of the record reveals any basis for the verdict. It is the appellate court's task to examine the record and determine whether there was competent evidence from which the jury could logically have reached the verdict. Further, if, under the evidence adduced, there is a view of the case which makes the jury's answer consistent, we must adopt that view. *Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981); *Anderson v. Dunton Management Co.,* 865 P.2d 887 (Colo.App.1993).

Here, plaintiffs' argument is based in part on the trial court's rejection of a threshold instruction. The court found "they all agree there was a soft tissue back injury" and that "the cost of medical rehabilitation services exceeded $2,500 and does not give the threshold instruction." We conclude that *Lee's Mobile Wash v. Campbell,* 853 P.2d 1140 (Colo.1993), in which the supreme court rejected a similar argument, is dispositive of plaintiffs' contention here.

Further, the nature and extent of husband's injuries were disputed. The jury was presented with evidence that husband had sustained a work-related injury one week prior to the rear-end collision. One of the psychologists who examined husband testified that while he complained of memory and concentration difficulties, the psychologist could not find any evidence of those difficulties during his over three-hour session with him.

Another expert, who was both a physician and an engineer, testified that, based on the damage to the vehicle in the accident, it was his opinion that the speed of impact could not have been more than eight or nine miles per hour and not 15 miles per hour as plaintiffs' expert had testified.

Also, a neuropsychologist testified that, while husband may be suffering a brain functioning problem, the pattern was not typical or consistent with a head injury from this type of accident.

Accordingly, because there is evidence in the record to support the jury's findings, the trial court did not err in not granting plaintiffs' motion for a new trial on the basis that the evidence was inconsistent.

Finally, we have considered and reject defendant's argument for dismissal based on C.A.R. 11.

The cause is remanded for further proceedings on the issues regarding peremptory challenges and discovery. If the court determines there was no violation in either area, then the judgment in favor of defendant stands affirmed, subject to plaintiffs' right to appeal those rulings. If the court finds that defendant's exercise of peremptory challenges was not constitutionally permissible, then it must grant plaintiffs a new trial, subject to defendant's right to appeal that ruling. If the court determines there was a discovery violation by defendant, it may impose an appropriate sanction, again subject to defendant's right to appeal that ruling.

ROTHENBERG and KAPELKE, JJ., concur.