**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Yi C. CHOU, a/k/a Teddy Chou, Defendant–Appellant.**

**No. 95CA1231.**

Colorado Court of Appeals, Div. IV.

Feb. 4, 1999.

Rehearing Denied April 1, 1999.

Certiorari Denied Aug. 16, 1999.*

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Yi Ching Chou, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of first degree murder and attempted aggravated robbery. We affirm.

Charged with the offenses at issue here that had occurred on April 27, 1994, defendant pled not guilty by reason of insanity and not guilty by reason of impaired mental condition.

Pursuant to § 16–8–104, C.R.S.1998 (applicable to crimes committed before July 1, 1995), defendant received a bifurcated sanity trial. The jury found defendant sane as to all charged counts. In the trial on the substantive charges, another jury found him guilty of murder after deliberation, felony murder, and attempted aggravated robbery. This appeal followed.

### I.

Defendant asserts that reversal is required because, during the sanity trial and the trial on the merits, the trial court failed to provide an adequate advisement concerning his right to testify. We disagree.

■ The decision concerning whether to testify in a criminal trial is ultimately one to be made by the defendant and a defendant's waiver of this right must be voluntary, knowing, and intentional. *See People v. Curtis*, 681 P.2d 504 (Colo.1984).

The trial court must advise a defendant concerning the right to testify outside the presence of the jury and then must ascertain whether a proper waiver has been effected. The advisement must inform the defendant that:

[H]e has the right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will ·be entitled to

ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility .... the defendant should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right.

*People v. Curtis, supra*, 681 P.2d at 514.

### A.

■ Defendant argues that the trial court deprived him of his right to testify because it did not give him a *Curtis* advisement during the sanity phase of the proceedings. We disagree.

■ The right to testify, which necessitates a *Curtis* advisement, exists in a criminal trial. *See People v. Curtis, supra*. A sanity trial, however, is designed to determine only whether the defendant was sane at the time of the alleged offense, and the issue of guilt or innocence plays no part in the resolution of this issue. *See People v. Morgan*, 637 P.2d 338 (Colo.1981).

■ In a bifurcated sanity proceeding, a defendant's testimony is not considered within the same constitutional guarantees as it is in the guilt phase. *See Lewis v. Thulemeyer*, 189 Colo. 139, 538 P.2d 441 (1975)(use of confession or admission in sanity trial does not aid in proof of guilt, but rather aids only in proof of sanity or insanity).

■ Indeed, a defendant in a sanity proceeding is not entitled to the full range of constitutional guarantees afforded to defendants in criminal prosecutions. *See People v. Allen*, 973 P.2d 620 (Colo.1999)(full range of constitutional guarantees not afforded to defendants in probation revocation proceedings).

Accordingly, we conclude that the trial court did not err by not giving a *Curtis* advisement in defendant's sanity proceeding.

### B.

Defendant next contends that the inadequacy of the trial court's *Curtis* advisement

in the trial on the substantive charges requires reversal. We are not persuaded.

■ Here, the court in its otherwise thorough *Curtis* advisement omitted stating that, if defendant chose to testify, the prosecution could cross-examine him and that, if he had a prior felony conviction, such would be disclosed to the jury, but the jury would be instructed that it could consider any prior felony conviction only regarding his credibility.

The record reveals that defendant had no prior felony convictions nor any criminal record. Consequently, the omissions from his advisement could not have had any impact on his decision to testify. *See People v. Montoya*, 928 P.2d 781 (Colo.App.1996); *cf. People v. Milton*, 864 P.2d 1097 (Colo.1993). Thus, the alleged inadequacies in the *Curtis* advisement do not require reversal.

## II.

Defendant also contends that the trial court erred by sustaining the prosecution's peremptory challenge of a venire member on the basis of race. We perceive no error.

In response to the prosecution's peremptory challenge against this prospective juror, the defense raised an objection that the challenge was not proper under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court stated, "[the disputed venire member] is Vietnamese. Defendant is Chinese." The prosecution responded that:

> [The prospective juror] is young, single and a student. I observed the juror with those three indications. More importantly, [he] indicated what I perceived to be a difficulty speaking and understanding English. The answer to some of the questions were very short, very soft-spoken, were very timid, not the sort of juror that we wish to have on this jury because of his age and appears to be somewhat of a timid person.

The court overruled the *Batson* challenge, stating that it was denied for the following reason:

> The Court's experience is that the judgment which is being exercised by the office of the DA to exclude young persons from a murder one case is not based on racial grounds. It is based on a maturity ground, and the difficulty in making a decision on a case as serious as this requires maturity, and I find these are sufficient race-neutral grounds for this challenge, that it is not subject to a *Batson*, and therefore, the objection is overruled.

■ A state may not discriminate based on race in the jury selection process. *Batson v. Kentucky, supra*. *Batson* outlines a three-step process to evaluate claims of racial discrimination in jury selection. *See Valdez v. People*, 966 P.2d 587 (Colo.1998).

■ The first step requires a defendant to show prima facie that the prosecution excluded a potential juror on the basis of race. The second step places the burden on the prosecution to give a race-neutral explanation for removing the venire member. The last step in the analysis is for the trial court to determine whether the opponent of the strike has proven purposeful racial discrimination. *Valdez v. People, supra*.

We review step one of the *Batson* analysis on a *de novo* standard. *Valdez v. People, supra*. Upon doing so, we agree with both parties that the court implicitly found that defendant made a prima facie showing of discrimination by permitting the prosecution to move to step two on its own initiative.

Appellate review of the second step of the *Batson* analysis is also *de novo*. *Valdez v. People, supra*. Here, we determine from the record that the prosecution's explanation of maturity and timidity concerns about the challenged venire member were racially-neutral. *See Valdez v. People, supra* (the prosecution's burden in step two is not high; it need only proffer a racially-neutral reason for its challenge).

The trial court's determination of the third step in the *Batson* analysis is an issue of fact, and, absent clear error, a reviewing court will defer to the court's findings when supported by evidence in the record. *See Valdez v. People, supra; People v. Vigil*, 955 P.2d 589 (Colo.App.1997).

Here, the record contains evidentiary support for the trial court's determination that the defense did not prove purposeful discrimination by the prosecution in its challenge of the Vietnamese–American venire member.

That the court relied on its own experience in making its decision does not alter this result. *See People v. McCarty,* 851 P.2d 181 (Colo.App.1992)(A judge may make judicial observations on matters which the judge learns in his judicial capacity). Hence, the trial court did not err in permitting the peremptory challenge to this prospective juror.

### III.

Defendant finally asserts that his convictions should be reversed because the trial court improperly admitted evidence of other bad acts, in both the insanity trial and the trial on the merits. We disagree.

Prior to the bifurcated proceedings, pursuant to CRE 404(b), the prosecution moved to admit evidence of defendant's prior use of threats and force to demand money from individuals other than the victim. The court denied the motion and disallowed the introduction of this evidence in both trials.

During both the sanity proceedings and the trial on the merits, however, the court admitted evidence from three different witnesses regarding the victim's past interactions with, fear of, and relationship with defendant. A fourth witness testified about an active Chinese organization, of which defendant was a member, and its criminal activity.

CRE 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith, but it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, or knowledge.

### A.

■ Defendant maintains that the testimony of three witnesses regarding the victim's relationship and past dealings with defendant was inadmissible under CRE 404(b) because it was not relevant and its prejudicial value substantially outweighed its probative value. We are not persuaded.

Because defendant did not object to the testimony of these three witnesses during their examinations, we review the alleged error under a plain error analysis. *See People v. Manzanares,* 942 P.2d 1235 (Colo.App. 1996).

■ The appropriate standard for plain error review is whether an appellate court, after reviewing the record, can say with fair assurance that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the conviction. *See Wilson v. People,* 743 P.2d 415 (Colo.1987).

Our review of the record does not reveal that this evidence so undermined the fundamental fairness of the trial as to require reversal.

### B.

■ Next, defendant maintains that the fourth witness' testimony about the Chinese organization was inappropriately admitted, over his objection. However, because the record reveals that the defense initially opened the door by raising the topic of the organization, we conclude that it was not error to permit the prosecution to elicit further information about it. *See People v. Sams,* 685 P.2d 157 (Colo.1984).

The judgment is affirmed.

Judge RULAND and Judge ROTHENBERG concur.