The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

John TRUJILLO, Defendant–Appellant.

No. 99CA0406.

Colorado Court of Appeals, Div. III.

May 25, 2000.

Rehearing Denied July 27, 2000.

Certiorari Denied Dec. 18, 2000.*

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Marks & Hostetler, Richard A. Hostetler, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, John Trujillo, appeals the trial court's order issued on remand, denying his challenge to the prosecution's use of its peremptory challenges pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)(*Batson* challenge). We affirm.

Defendant was convicted of first degree murder, attempted aggravated robbery, first degree assault, and four counts of aggravated robbery. He was sentenced to life in prison without the benefit of parole for first degree murder, and various concurrent and consecutive sentences on the other charges.

During jury selection, defendant challenged the prosecution's use of its peremptory challenges. Defendant, who is Hispanic, argued that the prosecution was eliminating minorities based on the fact that two of the prosecution's first three jurors excused were African–Americans. The trial court concluded that there was no pattern of excluding minorities and no showing of a prima facie case of purposeful discrimination.

Defendant appealed his convictions in *People v. Trujillo,* (Colo.App. No. 95CA1496, May 1, 1997) (not selected for official publication)*(Trujillo I)*. A division of this court concluded that the defendant, contrary to the trial court's conclusion, had made a prima facie showing of purposeful discrimination and remanded the issue to the trial court for further proceedings on the *Batson* challenge issue.

On remand, defendant requested, and the trial court denied, disclosure of the prosecution's *voir dire* notes. At the opening of the remand hearing, defendant objected to the proceedings on the grounds that reversal, not remand, was the appropriate appellate remedy. Defendant further argued that the prosecution should be prohibited from asserting race-neutral justifications beyond those given at trial, and, again, that the prosecution should be compelled to disclose its *voir dire* notes. All of the motions were denied.

During and following the hearing, defendant requested that the jury's selection and racial composition be reconstructed. At the hearing, the trial court appeared receptive to the idea, but it never ruled on defendant's post-hearing motions in that regard.

The trial court issued a written order denying defendant's *Batson* challenge. This appeal followed.

## I.

Defendant first contends that the remand for further proceedings following his first appeal was not the proper remedy. We disagree.

Specifically, defendant argues that a remand was inappropriate because it allows the prosecution to justify its peremptory challenges months later, which is both untimely and inconsistent with the procedures for determining the *Batson* challenge.

■ At the outset, a ruling on a question of law made at one stage of a case becomes binding in successive stages of the same litigation. *People v. Roybal,* 672 P.2d 1003 (Colo.1983). Therefore, we are bound by the previous opinion in *Trujillo I.*

■ However, it is also well established in Colorado that when a trial court does not make all the findings necessary under a *Batson* analysis, the appropriate remedy is to remand for further proceedings. *See Middleton v. Beckett,* 960 P.2d 1213 (Colo.App. 1998); *People v. Portley,* 857 P.2d 459 (Colo. App.1992). Furthermore, when necessary, this court will conclude that the defendant is entitled to a new trial. *People v. Baker,* 924 P.2d 1186 (Colo.App.1996) (presiding trial judge not available to rule on challenge.)

## II.

■ Defendant next argues that the trial court erred by allowing the prosecution to expand its reasons justifying its peremptory challenges beyond those stated at trial. Again, we disagree.

The division in *Trujillo I,* stated:

Here, the record supports a finding that the trial court implicitly determined that the defendant had established a prima facie case of purposeful discrimination based on the prosecutor's removal of two African–American jurors in his first three challenges. However, the court did not give the prosecutor the opportunity to articulate all of the race-neutral reasons for those two challenges, and did not give the defendant the opportunity to respond to or challenge those reasons. Nor did the court make all of the findings necessary under the *Batson* test.

. . . .

*We conclude that a remand is appropriate here in order to allow the prosecutor the opportunity to give race-neutral explanations for his challenges to both jurors, and to give the defendant the opportunity to respond to those explanations.*

. . . .

The cause is remanded for further proceedings concerning the allegations of racially discriminatory peremptory challenges consistent with this opinion. (emphasis added)

We conclude, in light of the explicit language in the remand, that the trial court did not err in allowing the prosecution to proffer reasons for excluding certain potential jurors at the remand hearing which were not proffered at trial.

### III.

■ Defendant next argues that the trial court erred in denying his motion for disclosure of the prosecution's *voir dire* notes. Because we conclude that the notes are attorney work product and, therefore, undiscoverable, we disagree.

■ The resolution of discovery issues, including a determination of what material is work product and therefore not discoverable, is generally committed to the sound discretion of the trial court and its determination will not be overturned on review absent an abuse of discretion or infringement of the constitutional rights of the accused. *People v. District Court*, 790 P.2d 332 (Colo.1990).

Crim. P. 16(I)(e)(1) governs work product and provides:

Disclosure shall not be required of legal research or of records, correspondence, reports, or memoranda to the extent that they contain the opinions, theories, or conclusions of the prosecuting attorney or members of his legal staff.

■ The work product doctrine is designed to protect an attorney's mental pro cesses. *People v. Martinez*, 970 P.2d 469 (Colo.1998). The work product exemption usually applies to documents and tangible things prepared in anticipation of litigation or for trial, and the goal of the exemption is to protect the attorney's thought process from discovery and, therefore, afford him or her the opportunity to prepare a case free from unnecessary intrusion by opposing parties and counsel. *See Law Offices of Ber-*

*nard D. Morley, P.C. v. J.D. MacFarlane*, 647 P.2d 1215 (Colo.1982).

Colorado has never expressly stated that a prosecution's notes taken during *voir dire* constitute work product. Other jurisdictions, however, have reached the conclusion that they are work product. *See Foster v. State*, 258 Ga. 736, 374 S.E.2d 188 (1988); *People v. Mack*, 128 Ill.2d 231, 131 Ill.Dec. 551, 538 N.E.2d 1107 (1989); *Thorson v. State*, 721 So.2d 590 (Miss.1998); *State v. Antwine*, 743 S.W.2d 51 (Mo.1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *Guilder v. State*, 794 S.W.2d 765 (Tex.App. 1990).

We are persuaded by the rationale of *People v. Mack, supra*:

The defendant next argues that the judge erred in denying his motion to compel production of the prosecutor's notes regarding jury selection. . . . The defendant acknowledges that the notes contained the prosecutor's opinions, theories, and conclusions, information normally protected from disclosure by the work-product doctrine. . . . The defendant argues that the work-product doctrine is not applicable here because the prosecutor's opinions, theories, and conclusions were the matter at issue at the hearing.

We agree with the State that the notes in question were not discoverable material under our rules. Rule 412(j)(i), concerning work product, states: "Disclosure under this rule and Rule 413 shall not be required of legal research or of records, correspondence, reports or memoranda to the extent that they contain the opinions, theories or conclusions of the State or members of its legal or investigative staffs, or of defense counsel or his staff." As the rule indicates, both the State and defense counsel are protected by the principle. To the extent that the notes might have contained statements made by the prospective jurors during their examination, disclosure was not necessary—a transcript of voir dire was available. Any other notation made by the prosecutor would clearly be an opinion, theory, or conclusion, and therefore would fall squarely within the protections of the work-product doctrine.

Rule 412(j)(i) contains no exceptions, and we will not require one in this case.... [A] *Batson* hearing does not require trial-type procedures, such as the introduction of sworn testimony and the cross-examination of adverse witnesses.

Accordingly, we decline to require disclosure of the prosecutor's notes to defense counsel. Because the notes were not subject to disclosure, there is no need that we review them here.

*People v. Mack*, 128 Ill.2d at 248, 131 Ill.Dec. at 559, 538 N.E.2d at 1115 (1989) (citations omitted).

While we recognize that the remand hearing was held after the trial rather than at the very early stages of the trial, we perceive no reason why it should have been conducted in any different manner.

Therefore, because the *voir dire* notes are protected by the work product doctrine, the trial court did not err in denying defendant access to them.

### IV.

■ Defendant next argues that the trial court erred in failing to rule on motions that were aimed at reconstructing the racial composition of the jury, jury selection procedures, and the sequence of jury selection. Specifically, defendant argues that the trial court's failure to rule on these motions deprived him of a full and fair opportunity to present relevant evidence on the issues pending before the court. Under the circumstances presented here, we disagree.

At the outset, it appears the principal motion was granted in the first instance. The record indicates that the trial court had no objection to a determination of the racial composition of the jury and suggested that if it needed the information it would obtain it on its own motion. The trial court then invited defendant to make the determination.

Furthermore, defendant's motions for reconstruction of the jury and the selection process are relevant only as to the first prong of the *Batson* test, that is, whether there was a prima facie showing that the prosecution excluded a prospective juror on account of race. That issue was resolved in

defendant's favor on appeal in *Trujillo I* and was not an issue on remand. It is not apparent to us that the information would have been germane to the issues before the trial court on remand.

### V.

Defendant next argues that the trial court erred in denying his *Batson* challenges. More specifically, defendant asserts (1) that the trial court's decision should not be afforded the due deference or clear error standard of review, with respect to the third prong of the *Batson* analysis and (2) that the prosecution's proffered justifications were a pretext for purposeful discrimination. We disagree.

Defendant argues that we should not apply the customary standard of review because (1) the trial court failed to state all the factors a court may consider in determining the third prong of *Batson*, (2) the trial court has once before been reversed on the same issue, (3) the trial court's statement in its order that it had considered "the totality of the circumstances," was merely self-serving, and (4) the prosecution's proffered justifications were pretextual.

■ To begin, we decline to apply a different standard from that of clear error. The trial court's determination of the third step in the *Batson* analysis is an issue of fact, and, absent clear error, a reviewing court will defer to the trial court's findings when supported by evidence in the record. *People v. Chou*, 981 P.2d 668 (Colo.App.1999).

Here, defendant's claim that the trial court failed to state all the factors to be considered in determining the third prong of *Batson* is without merit. Indeed, after an extensive remand hearing, the trial court issued an order stating that it had considered the totality of the circumstances and that it was convinced beyond a reasonable doubt that neither juror in question was excluded based on race. Moreover, the record contains evidentiary support for the trial court's determination.

Defendant's allegations that the prosecution's proffered justifications were pretextual and that the trial court's statement that it

had considered "the totality of the circumstances" were merely self-serving are unsupported by the record.

We will not disturb the trial court's conclusion in denying defendant's *Batson* challenges.

Order affirmed.

Judge NEY and Judge DAVIDSON concur.