### No. 28145

### The People of the State of Colorado v. Edward J. Montez

(589 P.2d 1368)

Decided February 5, 1979.                    Rehearing denied February 26, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Linda Palmieri Rigsby, Assistant, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Appellant Edward J. Montez appeals his conviction for aggravated robbery, second-degree kidnapping and conspiracy. We affirm.

The charges arose out of an incident which occurred in September 1976. Montez and another man forced Richard Bolger to drive them from one place to another at gunpoint and took money from his wallet.

Prior to trial, Montez moved to suppress the use of evidence of his previous felony convictions so that he might exercise his right to testify in his own behalf if he elected. The motion was denied. At the close of the prosecution's case, a motion was made to prohibit the prosecution from disclosing the fact that the prior conviction had been for robbery. This was denied. Montez elected not to testify.

At the close of the evidence, Montez tendered a jury instruction on intoxication, which was refused for lack of sufficient evidence to submit the issue to the jury. He was found guilty by the jury on all counts.

I.

"All persons . . . may be witnesses . . . . In every case the credibility of the witness may be drawn in question, as now provided by law, but the conviction of any person for any felony may be shown for the purpose of affecting the credibility of such witness . . . ." Section 13-90-101, C.R.S. 1973.

Montez alleges that the Colorado Competency Statute, section 13-90-101, C.R.S. 1973, unconstitutionally infringes on his right to due process. He asserts that the jury, despite limiting instructions, considers a prior conviction as evidence of propensity to commit crimes. He asserts that his fear that such an inference would have been drawn by the jury prevented his exercising his constitutional right to testify in his own behalf.

■ We recognize that the possibility of impeachment by prior conviction may present a defendant with a difficult strategic decision on whether to testify. However, the constitutional right to testify does not include a right to foreclose impeachment by evidence of a prior conviction.

■ This court recently considered the same argument and resolved the issue adversely to the defendant. *People v. Henry,* 195 Colo. 309, 578 P.2d 1041 (1978). We adhere to the rationale of that decision.

## II.

Montez tendered the following jury instruction:

"It is an affirmative defense to the crimes of Aggravated Robbery, Second Degree Kidnapping, Conspiracy to Commit Aggravated Robbery and Conspiracy to Commit Second Degree Kidnapping that the defendant, by reason of intoxication, did not have the capacity to form the specific intent required by those offenses."

He contends that the trial judge erred in refusing to submit the instruction to the jury inasmuch as sufficient evidence of his intoxication had been introduced at trial. We do not agree. The only evidence introduced at trial to indicate possible intoxication of the defendant was a single statement by the victim on cross-examination.

"Q. [Defense Attorney] Do you recall whether or not either one of these two men had the odor of alcohol on them?

"A. [Victim] The Defendant, *it seemed like he had a little bit. Seemed like I smelled a little bit.* I mean, when you got a gun pointed at your head, it is pretty hard to smell somebody's breath." (Emphasis added.)

■ In *People v. Brionez,* 39 Colo. App. 396, 570 P.2d 1296 (1977), the Colorado Court of Appeals held a witness' statement that the defendant "seemed a little drunk" was insufficient, as a matter of law, to support the affirmative defense of intoxication. The evidence presented here of the possible odor of alcohol was of an even lesser quality. In fact, no mention of intoxication or impaired capacity was made by any witness. We therefore hold that the trial court properly refused to give the proffered instruction.

Accordingly, the judgment is affirmed.

MR. JUSTICE CARRIGAN does not participate.