# No. 79SA393

## The People of the State of Colorado v. Randy Layton

(612 P.2d 83)

Decided June 9, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Kathleen M. Bowers, Assistant Attorney General, for plaintiff-appellee.

Reynard & Booms, P.C., Robert Tabor Booms, for defendant-appellant.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

Defendant-appellant, Randy Layton, was found guilty by a jury of aggravated robbery. Section 18-4-302, C.R.S. 1973 (1978 Repl. Vol. 8). On appeal, the defendant challenges the constitutionality of the statute allowing proof of a prior felony conviction when an accused person testifies. He also urges reversal on the grounds that there was insufficient evidence to sustain his conviction and that he was coerced by his counsel not to testify on his own behalf. We affirm the defendant's conviction.

### I.

■ The defendant argues that the trial court erred in denying his motion to suppress any evidence regarding his prior felony convictions if he testified. The defendant did not take the stand at trial. He now asserts that section 13-90-101, C.R.S. 1973 is unconstitutional. This section provides that the credibility of any witness, including the defendant in a criminal case, may be drawn into question by proof of a prior felony conviction.

The defendant contends that he was denied due process of law because there is no reasonable nexus between a person's prior felony conviction and his propensity to lie on the witness stand. *See State v. Santiago,* 53 Haw. 254, 492 P.2d 675 (1971). We have rejected this contention in prior decisions which are dispositive in this case. *People v. Griffith,* 197 Colo. 544, 595 P.2d 231 (1979); *People v. Thompson,* 197 Colo. 299, 592 P.2d 803 (1979); *People v. Taylor,* 197 Colo. 161, 591 P.2d 1017 (1979); *People v. Montez,* 197 Colo. 126, 589 P.2d 1368 (1979); *People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978); *People v. Henry,* 195 Colo. 309, 578 P.2d 1041 (1978); *Velarde v. People,* 179 Colo. 207, 500 P.2d 125 (1972).

The defendant also argues that he was denied equal protection of the law because section 13-90-101 penalized defendants who testify on their own behalf. Defendant argues there is an arbitrary distinction between admitting evidence of prior felony convictions when a defendant chooses to testify, and excluding such evidence when the defendant has chosen not to

take the witness stand. We do not agree with the defendant's contention in this respect.

■ The equal protection clauses of the United States and Colorado Constitutions require that persons similarly situated be treated equally. Section 13-90-101 does treat those defendants who chose to testify on their behalf differently than those defendants who do not take the witness stand. These two classes of defendants are not similarly situated however. When a defendant takes the witness stand, his credibility is in issue, and evidence of prior felony convictions then becomes relevant. Such unequal treatment does not violate equal protection guarantees. Furthermore, to require a defendant to make such a choice in trial strategy does not render the statute constitutionally infirm. *See People v. Henry, supra; People v. Yeager,* 182 Colo. 397, 513 P.2d 1057 (1973).

## II.

■ The defendant next argues that there was insufficient evidence to sustain his conviction. Specifically, he states that certain testimony was insufficient as a matter of law to establish his identity as the perpetrator of the offense.

The robber wore a stocking mask. A witness to the robbery recognized the voice of the robber as a personal acquaintance. The robber's build, clothing, and other features also were similar to the defendant's build, manner of dress and general appearance. Another witness also recognized the robber's voice as that of the defendant. Additionally, other testimony circumstantially pointed to the defendant as the person who committed the robbery.

Construing the evidence in the light most favorable to the prosecution, there was sufficient evidence to establish that defendant committed the offense for which he was charged. It is within the province of the jury to determine what weight will be given the evidence. *People v. Rivas,* 197 Colo. 131, 591 P.2d 83 (1979).

## III.

■ The defendant asserts that his counsel coerced him to waive his right to testify on his own behalf. Whether a defendant testifies is a decision which ultimately rests with the defendant, after full consultation with his counsel. *Steward v. People,* 179 Colo. 31, 498 P.2d 933 (1972); *Martinez v. People,* 173 Colo. 515, 480 P.2d 843 (1971).

In the present case, there is no evidence that defense counsel prevented defendant from testifying on his own behalf. Rather, the record shows that at a hearing regarding defendant's motion for a new trial the defendant testified that his counsel had explained to him that he had a right to testify, and that he had to make the final decision. Defense counsel discouraged defendant from taking the witness stand because of the admissibility of his prior felony convictions, and defendant heeded this advice. Defendant also suggests that he was denied effective assistance of

counsel by being persuaded not to testify on his own behalf. This advice does not illustrate incompetence or ineffective assistance.

The judgment is affirmed.

JUSTICE LEE and JUSTICE QUINN do not participate.