The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Fred DIAZ, Defendant–Appellant.

No. 98CA1347.

Colorado Court of Appeals, Div. V.

May 13, 1999.

Rehearing Denied June 17, 1999.

Certiorari Denied Oct. 4, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John Daniel Dailey, Assistant Solicitor General, Robert Mark Russel, First Assistant Attorney General, David C. Lugert, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Jeffrey R. Edelman, P.C., Jeffrey R. Edelman, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Fred Diaz, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

Defendant was convicted of second degree assault and reckless endangerment following an altercation with law enforcement officials. On appeal, a division of this court affirmed defendant's conviction but declined to address his constitutional challenges to § 13–90–101, C.R.S.1998, because they had not been raised in the trial court. *People v. Diaz* (Colo.App. No. 95CA1182, May 22, 1997)(not selected for official publication).

Defendant thereafter filed a Crim. P. 35(c) motion raising the constitutional claims which this court had declined to address on his direct appeal. The trial court denied defendant's motion without a hearing, citing *People v. Montez*, 197 Colo. 126, 589 P.2d 1368 (1979), which upheld the constitutionality of § 13–90–101.

### I.

As an initial matter, we disagree with the People's contention that defendant is precluded from challenging the constitutionality of § 13–90–101 because he did not do so prior to sentencing or, alternatively, because his challenge is "successive in nature and no more than a second appeal."

Crim. P. 35(c)(2)(I) provides that every person convicted of a crime is entitled as a matter of right to apply for postconviction review where there is a claim that the conviction was obtained in violation of the federal or state constitution.

A defendant is entitled to judicial review of a Crim. P. 35 motion as long as the motion states a claim cognizable under that rule and the claim has not been fully and finally resolved in a prior judicial proceeding. *White v. Denver District Court*, 766 P.2d 632 (Colo.1988). The fact that a defendant did not raise his constitutional claims prior to sentencing or on direct appeal does not preclude him either from raising the claims in a Crim. P. 35(c) motion or from seeking appellate review of the trial court's denial of his motion. *See People v. Muniz*, 667 P.2d 1377 (Colo.1983).

Here, defendant's Crim. P. 35(c) motion raised cognizable constitutional claims that had not been resolved in prior judicial proceedings. He was not barred from filing his motion, or from seeking appellate review of the order denying his motion, merely because he had unsuccessfully attempted to raise these claims in his prior appeal. Nor does that prior attempt render his Crim. P. 35(c) motion successive. *See People v. Muniz, supra; cf. DePineda v. Price*, 915 P.2d 1278 (Colo.1996) (defendant was not entitled to relitigate issue addressed and rejected on merits by court of appeals on direct appeal).

### II.

Defendant contends that § 13–90–101, which allows the introduction of evidence of a witness's prior felony convictions, violates his constitutional rights to due process and equal protection by chilling the exercise of his right to testify in his own behalf. We do not agree.

Defendant acknowledges that our supreme court has repeatedly upheld the constitutionality of § 13–90–101 in the face of due process and equal protection challenges similar to his. *See People v. Layton*, 200 Colo. 59, 612 P.2d 83 (1980); *People v. Montez, supra; People v. Henry*, 195 Colo. 309, 578 P.2d 1041 (1978); *People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978); *People v. Yeager*, 182 Colo. 397, 513 P.2d 1057 (1973). However, he raises various arguments as to why these decisions are not dispositive of his contentions. We find none of his arguments persuasive.

### A.

Defendant first asserts that none of the supreme court's prior decisions has considered whether, to be constitutional, § 13–90–101 must be read as requiring or permitting trial courts to exclude evidence of a testifying defendant's prior felony convictions if the prejudicial effect of the evidence outweighs its probative value. He notes that the supreme court decisions upholding the constitutionality of the statute predate the 1979 adoption of the Colorado Rules of Evidence, including CRE 403 and its balancing test, and asserts that most jurisdictions now require such balancing before admitting evidence of prior convictions. Defendant further contends that the supreme court would

no longer adhere to *People v. Henry, supra*, which he characterizes as the "seminal case" upholding the constitutionality of § 13–90–101, because the Washington Supreme Court case relied on in *Henry* is no longer the law in Washington.

In *People v. Yeager, supra*, the supreme court held that the predecessor to § 13–90–101 did not permit a trial court to exercise discretion in determining whether to permit impeachment by prior felony convictions. In *Yeager*, as here, the defendant urged the court to adopt the rationale of decisions from other jurisdictions which afforded trial courts such discretion. The supreme court declined to do so, concluding that a contrary result comported more closely with the intent of the General Assembly, as evidenced by the legislative history of the statute.

Although *Yeager* was decided in 1973, decisions of this court have acknowledged the continued viability of its holding even after the adoption of CRE 403. *See Molnar v. Law*, 776 P.2d 1156 (Colo.App.1989); *People v. Jones*, 743 P.2d 44 (Colo.App.1987)(noting in dictum that, because Colorado has not adopted a rule of evidence similar to Fed. R.Evid. 609, trial courts have no discretion under § 13–90–101 to preclude impeachment by use of a prior felony conviction); *see also People v. Gallegos*, 950 P.2d 629, 631 (Colo.App.1997)(noting that "the supreme court has determined that whether [a prior felony] conviction does in logic and fact detract from the credibility of the witness, whether a jury does in fact limit its use to the witness' credibility, and whether, if not, its use is an injustice, are questions not open to us").

■ Contrary to defendant's contention, we conclude that *People v. Yeager, supra*, and *People v. Henry, supra*, remain controlling on the issue presented here. Although Colorado has adopted CRE 403, we find it more significant that this state unlike many others, including Washington has chosen *not* to adopt a rule of evidence similar to Fed. R.Evid. 609, which requires balancing prejudice and probative value before impeachment by use of prior felony convictions is permitted. Given this choice, we cannot conclude that the supreme court would depart from its prior decisions and follow those jurisdictions that have adopted this evidentiary rule and, consistent with the rule, now require a balancing test prior to admitting evidence of felony convictions.

Defendant also cites *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), and the dissent in *People v. District Court*, 953 P.2d 184 (Colo.1998), as further support for his contention that the supreme court would now require a balancing test before prior felony convictions can be admitted for impeachment. However, in both these cases, the concern was with the prejudice resulting from evidence of prior similar crimes. Here, defendant does not argue, and the record does not indicate, that any of his prior felony convictions was similar to the offense for which he was being tried.

**B.**

■ Defendant also asks us to consider his equal protection challenge in light of *Lujan v. Colorado State Board of Education*, 649 P.2d 1005 (Colo.1982), and *People v. Curtis*, 681 P.2d 504 (Colo.1984), which were decided after the supreme court cases upholding the constitutionality of § 13–90–101. According to defendant, *Curtis* and *Lujan* demonstrate the supreme court's recognition that the right to testify is fundamental and that the constitutionality of any statute affecting this right must be analyzed under a heightened standard of review.

In *People v. Layton, supra*, the supreme court held that § 13–90–101 did not violate equal protection guarantees by treating testifying defendants differently from nontestifying defendants. While the *Layton* court did not address the standard of review applicable to the defendant's claim, supreme court decisions prior to *Layton* had recognized that a criminal defendant's right to testify was constitutionally based, *see People v. Montez, supra; People v. Henry, supra*, and had observed that the decision whether to testify was of a "fundamental nature." *Martinez v. People*, 173 Colo. 515, 518, 480 P.2d 843, 844 (1971). Further, although *Curtis* expressly held that the right to testify was fundamental, it also acknowledged, without discussion,

that a testifying defendant can be cross-examined about any prior felony convictions.

We conclude that, notwithstanding *Curtis* and *Lujan, People v. Layton, supra,* remains dispositive of defendant's equal protection claim.

## III.

Defendant also contends that § 13–90–101 is a procedural statute and thus amounts to an unconstitutional legislative usurpation of the supreme court's exclusive power to promulgate procedural rules. We disagree.

 Under Colo. Const. art. VI, § 21, the supreme court has the power to promulgate rules governing practice and procedure in civil and criminal cases, including procedural rules of evidence. The General Assembly has the power to enact substantive rules and statutes. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

No definitive line can be drawn between those rules or statutes which are procedural and those which are substantive. Their characterization may vary depending on the application of the rule or statute to the facts of a particular case. *People v. McKenna, supra.*

Legislative policymaking and judicial rulemaking powers may overlap to some extent as long as there is no substantial conflict between statute and rule. *People v. McKenna, supra; see also People v. Barth,* 981 P.2d 1102 (Colo.App.1999)(separation of powers doctrine does not require a complete division of authority among the branches of government, and powers exercised by the different branches necessarily overlap).

Thus, where a statute is a statement of legislative policy but also affects the practice and procedure of the courts, it will not be deemed an unconstitutional intrusion into matters exclusively judicial unless it conflicts with a rule adopted by the supreme court. *People v. McKenna, supra.*

In *McKenna,* the supreme court held that the "rape shield" statute, § 18–3–407, C.R.S. 1998, which provides that evidence of a victim's prior or subsequent sexual conduct is generally presumed irrelevant in sexual assault cases, did not violate the separation of powers doctrine by invading the court's exclusive rulemaking power. The statute had both substantive and procedural aspects; however, to the extent it affected court procedure, it did not conflict with any supreme court rule.

Like the rape shield statute, § 13–90–101 is both a statement of legislative policy, *see People v. Yeager, supra,* and, insofar as it addresses the admissibility of evidence, a procedural enactment. However, we perceive no conflict between the statute and any rule adopted by the supreme court. In the absence of such conflict, § 13–90–101 does not impermissibly intrude on the supreme court's exclusive rule-making powers. We note further in that regard that the committee comment explaining the absence of any "Rule 609" in the Colorado Rules of Evidence simply cites § 13–90–101 thereby suggesting that the supreme court did not view the statute as an intrusion on its power to promulgate this rule of evidence.

In sum, defendant has failed to assert a basis for affording him relief based on a violation of his constitutional rights. The trial court thus did not err in denying his Crim. P. 35(c) motion without a hearing. *See White v. Denver District Court, supra.*

The order is affirmed.

Judge DAVIDSON and Judge BRIGGS concur.