The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

James C. **CLOSE**, Defendant–Appellant.

No. 97CA1863.

Colorado Court of Appeals,
Div. III.

May 11, 2000.

Rehearing Denied July 27, 2000.

Certiorari Granted April 9, 2001.*

* Justice COATS does not participate.

Ken Salazar, Attorney General, Laurie A. Booras, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, James C. Close, appeals the denial of his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm.

On October 6, 1990, defendant and three companions vandalized and stole speakers from a car. They then confronted a group of six Japanese students, ordered them to lie down, demanded and took identification and personal items, and beat them with baseball bats and sticks.

Defendant was convicted by a jury of one count each of criminal mischief, first degree criminal trespass, theft, and conspiracy to commit criminal mischief and theft; three

counts each of aggravated robbery and attempted aggravated robbery; six counts each of second degree assault and ethnic intimidation; and one count of conspiracy to commit ethnic intimidation. Defendant was sentenced to a total of 75 years of imprisonment.

On direct appeal, a division of this court affirmed the judgment of conviction, but remanded the case for re-sentencing. *See People v. Close,* 867 P.2d 82 (Colo.App.1993). Defendant's petition for certiorari was denied. Based on this court's opinion in *People v. Close, supra,* the trial court re-sentenced defendant to cumulative minimum sentences which totaled 60 years of imprisonment.

On July 1, 1996, defendant filed a timely motion for post-conviction relief. On June 2, 1997, after a hearing, the Crim. P. 35(c) court denied the motion. On June 20, 1997, defendant requested that the court reconsider in light of *Bogdanov v. People,* 941 P.2d 247, *amended,* 955 P.2d 997 (Colo.1997), which was decided after the decision in defendant's direct appeal became final. The Crim. P. 35(c) court vacated its previous order of denial, and heard arguments on the applicability of *Bogdanov v. People, supra.* The court again denied defendant's Crim. P. 35(c) motion on September 8, 1997. This appeal followed.

### I.

Defendant contends that the court erred in denying his Crim. P. 35(c) motion because the pattern complicity instruction given in his trial was deficient. Defendant argues that the instruction unconstitutionally lessened the prosecution's burden of proof because the instruction did not require that the prosecution prove he knew that the principals intended to commit the underlying crimes. We disagree.

### A.

■ As a threshold issue, we must determine whether defendant may raise this issue, in a Crim P. 35(c) context, after the propriety of the instruction at issue had been previously decided on direct appeal. Under the exceptionally limited circumstances of this case, we exercise our discretion and review the issue.

■ A defendant is entitled to judicial review of a Crim. P. 35(c) motion if the motion states a claim cognizable under that rule, and the claim has not been fully and finally resolved in a prior judicial proceeding. *People v. Diaz,* 985 P.2d 83 (Colo.App.1999).

Defendant seeks relief under Crim. P. 35(c)(2)(I), which provides that a defendant is entitled to make application for post-conviction review if:

[T]he conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state.

Defendant claims a violation of his right to substantive due process, in that the complicity jury instruction did not require that the prosecution prove the intent necessary to establish his liability as a complicitor. Because due process requires that the prosecution prove, beyond a reasonable doubt, every element necessary to constitute the charged offense, *see* U.S. Const. amend. XIV; Colo. Const. art. II, § 25; *Cooper v. People,* 973 P.2d 1234 (Colo.1999), we conclude that defendant asserts a cognizable constitutional claim under Crim. P. 35(c)(2)(I).

Thus, the issue is whether defendant's Crim. P. 35(c) claim was fully and finally resolved in a prior judicial proceeding. *See DePineda v. Price,* 915 P.2d 1278, 1281 (Colo. 1996) (a defendant is prohibited from using a Crim. P. 35(c) proceeding "to relitigate issues fully and finally resolved in an earlier appeal"); *People v. Billips,* 652 P.2d 1060 (Colo. 1982).

On direct appeal, a division of this court rejected defendant's claim that the complicity instruction used at his trial was improper, *People v. Close, supra,* and the supreme court denied certiorari review. However, the supreme court subsequently reviewed the pattern complicity instruction given in this case, and specifically disapproved a portion of this court's reasoning in *People v. Close, supra. See Bogdanov v. People, supra,* 941 P.2d at 251 n. 9.

Generally, a determination of an issue on direct appeal precludes review of that same issue under Crim. P. 35(c). *See De-Pineda v. Price, supra; People v. Johnson,* 638 P.2d 61 (Colo.1981). Although the complicity instruction in defendant's case was found proper on direct appeal by this court, we conclude that we have the discretion to review the case under the narrow circumstances presented here.

Here, it is undisputed that defendant's Crim. P. 35(c) motion was timely. At issue in his motion is an allegedly significant change in the interpretation of the law, of constitutional magnitude, determined since the defendant's direct appeal was affirmed. Furthermore, this change was made by a court whose decisions are binding on this court. Significantly, the supreme court's subsequent opinion disapproved this court's reasoning expanding the holding of *People v. Wheeler,* 772 P.2d 101 (Colo.1989), to cases involving negligent and reckless crimes.

Thus, under the limited and unusual conditions presented in this case, we conclude that this is a proper circumstance for the exercise of our discretion to review defendant's claims raised under Crim. P. 35(c). *Cf. People v. Allen,* 843 P.2d 97 (Colo.App.1992), *rev'd on other grounds,* 868 P.2d 379 (Colo.1994) (reviewing a timely second post-conviction motion, under Crim. P. 35(c)(1), because there had been a significant change in the law after the first post-conviction motion was filed); *People v. Diaz, supra* (reviewing, in a Crim. P. 35(c) motion, defendant's constitutional challenges that were raised but not decided on direct appeal).

### B.

Defendant contends that the complicity instruction given to the jury unconstitutionally lessened the prosecution's burden of proof, because it did not require proof beyond a reasonable doubt of a mental state necessary to establish liability as a complicitor on the aggravated robbery and attempted aggravated robbery crimes. We disagree.

Complicity is a legal theory, defined by the General Assembly, "by which an accomplice may be held criminally liable for a crime committed by another person if the accomplice aids, abets, or advises the principal, intending thereby to facilitate the commission of the crime." *Bogdanov v. People, supra,* 941 P.2d at 250; § 18–1–603, C.R.S. 1999. If the evidence presented establishes that two or more persons were jointly engaged in the commission of a crime, then it is appropriate for the trial court to instruct the jury on complicity. *People v. Osborne,* 973 P.2d 666 (Colo.App.1998).

In *Bogdanov v. People,* the supreme court reviewed the same pattern criminal jury instruction on complicity that was given in this case. The jury instruction at issue was COLJI–Crim. No. 6:04 (1983), which provides that:

A person is guilty of an offense committed by another person if he is a complicitor.

To be guilty as a complicitor, the following must be established beyond a reasonable doubt:

1. A crime must have been committed.

2. Another person must have committed all or part of the crime.

3. The defendant must have had knowledge that the other person intended to commit all or part of the crime.

4. The defendant did intentionally aid, abet, advise, or encourage the other person in the commission or planning of the crime.

*Bogdanov v. People, supra,* 941 P.2d at 252.

The *Bogdanov* court analyzed the assertion that the instruction failed to instruct the jury properly of the statutory requirement, set forth in § 18–1–603, that the defendant intended "to promote or facilitate the commission of the offense."

In doing so, the supreme court first looked at *People v. Wheeler, supra,* in which it held that the prosecution needs only to prove that the complicitor had knowledge that the principal was engaged in, or about to engage in, a crime where the *mens rea* is recklessness or negligence. The court then reviewed *People v. Close, supra,* in which a division of this court extended the holding in *People v. Wheeler* to apply to an underlying crime in which the *mens rea* was knowingly.

The *Bogdanov* court disapproved of the reasoning in *People v. Close,* to the extent that it ruled that the required intent element was only that the complicitor had knowledge that the principal was engaged in, or about to engage in, the underlying crime. *Bogdanov v. People, supra,* 941 P.2d at 251 n. 9. The court concluded that two mental states must be proven for complicity liability to exist with regard to knowing or intentional crimes. First, the complicitor must have the culpable mental state required for the underlying crime committed by the principal. Additionally, the complicitor must assist or encourage the commission of the crime committed by the principal "with the intent to promote or facilitate" such commission. *Bogdanov v. People, supra* (citing § 18–1–603). *See also People v. Fisher,* 9 P.3d 1189 (Colo.App. 2000).

Accordingly, the *Bogdanov* court reviewed the pattern jury instruction, finding that it omitted the statutory language "with intent to promote or facilitate the commission of the offense." To be convicted as a complicitor, under the instruction given in *Bogdanov,* the defendant must "intentionally aid, abet, advise, or encourage the other person in the commission or planning of the [underlying] crime." *Bogdanov v. People, supra,* 941 P.2d at 252.

The court concluded that the missing statutory language was not structural error because the language of the given instruction "adequately directs the jury to determine whether the defendant had the requisite *mens rea* of the crime, because the defendant could not have intended his participation to further the crime unless he also intended the [underlying] crime to occur." *Bogdanov v. People, supra,* 941 P.2d at 254. Thus, the court concluded that the plain language of the entire instruction adequately advised the jury to find the two mental states required to convict under a theory of complicity because the fact that the defendant intended the crime to occur necessarily meant that he intended his participation to further the underlying crime. *Bogdanov v. People, supra.*

The *Bogdanov* court acknowledged that the "pattern jury instruction should more properly mirror the applicable statutory language" and, as a result, suggested a future pattern jury instruction. The suggested instruction added a paragraph, which requires a jury to find that the defendant "must have had the intent to promote or facilitate the commission of the crime." The suggested instruction also deleted the word "intentionally" from paragraph 4 of the pattern instruction. *Bogdanov v. People, supra,* 941 P.2d at 254 n. 10, 955 P.2d at 997.

Defendant argues that because his knowledge of the principals' intent to commit the aggravated robberies was a disputed issue at trial, the omission of the "intent to promote or facilitate" language was plain error. We disagree.

■ To prevail on a claim of instructional plain error, the defendant must demonstrate not only that the instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to the conviction. *People v. Garcia,* 1 P.3d 214 (1999).

We reject defendant's contention. Defendant is arguing that the jury was improperly instructed regarding the other intent requirement—namely, that the defendant had knowledge that the other persons intended to commit the underlying crime of aggravated robbery. The jury was correctly instructed that to convict, it had to find that defendant had knowledge that the principals intended to commit aggravated robbery and attempted aggravated robbery. Any conflicting evidence on whether defendant had such knowledge was properly resolved by the jury.

We conclude that because the instruction adequately advised the jury of the requisite dual mental state requirements to convict under a complicity theory, the pattern complicity instruction, given both here and in *Bogdanov v. People,* did not unconstitutionally lessen the prosecution's burden of proof.

C.

■ Defendant also argues that the "all or part of" language was erroneously included in the complicity instruction given to his jury, with regard to the aggravated robbery and

attempted aggravated robbery crimes. Again, we disagree.

In *Bogdanov v. People,* the supreme court concluded that the "all or part of" language in the pattern complicity instruction was given in error, citing *People v. Rodriguez,* 914 P.2d 230 (Colo.1996). However, the court ruled that although the inclusion of the language was erroneous, the error did not rise to the level of plain error because it was superfluous.

In *Bogdanov v. People,* the defendant did not commit any of the essential elements of the underlying crimes; the principal alone committed the essential elements of the robbery and theft crimes. Accordingly, the court distinguished:

> [T]he fact pattern of this case where the accomplice is not charged with committing any act essential to the elements of the underlying crime, from the fact pattern wherein the principal and at least one other person, possibly the defendant, together commit the essential elements of the crime.

*Bogdanov v. People, supra,* 941 P.2d at 256.

The supreme court specifically noted that the "all or part of" language in the pattern jury instruction applies to the cases in which the acts of the complicitor and the other actor or actors, together, constitute all acts necessary to complete that offense. *Bogdanov v. People, supra* (citing *People v. Close, supra* ). *See also People v. Bernabei,* 979 P.2d 26 (Colo.App.1998) (if the defendant allegedly committed an essential element of the underlying crime, it was proper to include the "all or part of" language); *People v. Osborne, supra,* (if the defendant did not commit an essential element, the "all or part of" language was erroneous, but was harmless because it was superfluous).

Here, defendant argues that the evidence in this case is, at best, ambiguous as to which members of the group, including himself, committed the essential elements of the underlying crimes of aggravated robbery. We conclude that this is the exact factual pattern in which the "all or part of" language should be used in the complicity instruction. *See Bogdanov v. People, supra,* 941 P.2d at 256 (the "all or part of" language applies to the

"fact pattern wherein the principal and at least one other person, possibly the defendant, together commit the essential elements of the crime").

Thus, the "all or part of" language was not erroneously included in the complicity instruction, with regard to the aggravated robbery and attempted aggravated robbery crimes, under the facts in defendant's case.

## II.

■ Defendant also claims that the trial court erred when it ruled that his 60–year sentence was not constitutionally disproportionate. Specifically, he argues that since a defendant receiving a life sentence under Colorado's habitual criminal statute is entitled to a proportionality review, *see People v. Gaskins,* 825 P.2d 30 (Colo.1992), by analogy, a defendant charged with mandatory consecutive enhanced sentences should also be entitled to such review.

Defendant contends that the level of culpability and the seriousness of the crimes did not support a 60–year sentence and, as such, the sentence is unconstitutional. *See* Amendment VIII; Colo. Const. art. II, § 20; *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). He does not assert that the individual sentences given were unconstitutional, nor does he contend that the mandatory consecutive sentencing provisions for crime of violence convictions are unconstitutional. Rather, he contends that disproportionality arises here, regarding the sentence as a whole, because of the combination of the large number of victims, complicator liability, and the mandatory consecutive sentencing provisions.

After hearing arguments on the proportionality claim, the trial court found that although the sentence was "lengthy" for a young man convicted of his first felony, defendant "was convicted of multiple mandatory consecutive violent crimes requiring a sentence of 60 years." As a result, the court prohibited defendant from presenting evidence of disproportionality, and ruled that the law requires a combined 60–year sentence for the crimes for which he was convicted.

■ We recognize a proportionality review may be appropriate when the sentences

given were above the statutory minimum sentence in any given conviction. *See People v. Merchant,* 983 P.2d 108 (Colo.App.1999).

However, in this case there is no authority to seek a proportionality review. Defendant admits that the sentence was the minimum that could be imposed under the current legislative sentencing scheme, because he received the minimum sentences for each conviction and the sentences are required to be consecutive. We have no authority to change the will of the General Assembly as set forth in its statutory sentencing scheme. *People v. District Court,* 673 P.2d 991, 995 (Colo.1983) ("prescribing punishments are legislative prerogatives [and a] court may not impose a sentence that is inconsistent with the terms specified by statutes").

Therefore, we conclude that the trial court correctly sentenced the defendant, and rejected the request for a proportionality review, because the trial court could not impose a sentence that was less than the minimum mandated by law.

We affirm the denial of defendant's motion for post-conviction relief pursuant to Crim. P. 35(c).

Chief Judge HUME and Judge JONES concur.