19CA0126 Peo v Hill 10-21-2021 COLORADO COURT OF APPEALS Court of Appeals No. 19CA0126 Adams County District Court No. 10CR3476 Honorable Mark D. Warner, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Steven Lee Hill, Jr., Defendant-Appellant. ORDER AFFIRMED Division V Opinion by JUDGE RICHMAN Harris and Gomez, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced October 21, 2021 Philip J. Weiser, Attorney General, Joseph G. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Robin M. Lerg, Alternate Defense Counsel, Montrose, Colorado, for Defendant-
Appellant 
 1 ¶ 1 Defendant, Steven Lee Hill, Jr., appeals the district court’s order denying his Crim. P. 35(c) motion for postconviction relief. We affirm. I. Background ¶ 2 Hill was convicted of sexual assault following a jury trial. His conviction was affirmed on direct appeal. People v. Hill, (Colo. App. No. 12CA1338, Nov. 6, 2014) (not published pursuant to C.A.R. 35(f)). Proceeding pro se, he filed a timely Crim. P. 35(c) motion for postconviction relief, which was supplemented after the court appointed counsel. The supplemented motion alleged that Hill had received ineffective assistance of counsel both at trial and on appeal. As is relevant to this appeal, Hill asserted that his trial counsel gave him bad advice about exercising his right to testify at trial and his appellate counsel failed to raise an important argument on appeal. ¶ 3 The postconviction court summarily denied all of Hill’s claims except for the one concerning his trial counsel’s advice about testifying. The court then held a hearing on that claim, during which Hill and his trial counsel testified. Ultimately, the court denied that claim too, concluding that Hill was not credible and had 
 2 failed to establish that his trial counsel’s advice was “outside the range of professionally competent assistance.” ¶ 4 On appeal, Hill asserts that he carried his burden of proof at the hearing regarding his trial counsel’s alleged ineffectiveness and was entitled to a hearing regarding his appellate counsel’s alleged ineffectiveness.1 We address the issues in turn. II. Ineffective Assistance of Trial Counsel ¶ 5 Hill first contends that he sufficiently demonstrated to the postconviction court that his trial counsel’s advice about testifying constituted ineffective assistance of counsel, and, therefore, the court erred when it denied his claim and his request for a new trial. We disagree. A. Standard of Review ¶ 6 Ineffective assistance of counsel claims present mixed questions of law and fact. Dunlap v. People, 173 P.3d 1054, 1063 (Colo. 2007). We defer to the postconviction court’s factual findings 1 Hill’s motion raised other claims that are not reasserted on appeal; we deem those claims abandoned. See People v. Rodriguez, 914 P.2d 230, 249 (Colo. 1996) (a defendant’s failure to specifically reassert on appeal claims that the postconviction court denied constitutes a “conscious relinquishment” of those claims). 
 3 if they are supported by the record but review its legal conclusions de novo. Id. B. Applicable Law ¶ 7 A defendant in a criminal case has a constitutional right to the effective assistance of counsel. People v. Corson, 2016 CO 33, ¶ 32. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that (1) his counsel’s performance was deficient and (2) he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). ¶ 8 To establish deficient performance, a defendant needs to show that his counsel’s representation “fell below an objective standard of reasonableness.” Id. at 687-88. In so doing, he must overcome a “strong presumption that counsel’s conduct [fell] within the wide range of reasonable professional assistance.” Id. at 689. ¶ 9 To establish prejudice, a defendant needs to show that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694. “Reasonable probability” means “a probability sufficient to undermine confidence in the outcome.” Id. 
 4 ¶ 10 If a court concludes that a defendant has failed to prove either of the test’s prongs, it need not address the other. People v. Washington, 2014 COA 41, ¶ 20. Further, as the trier of fact, the postconviction court is responsible for determining the weight and credibility to be given to witness testimony, People v. Curren, 228 P.3d 253, 258 (Colo. App. 2009), which are determinations we may not disregard on appeal. People v. Hardin, 2016 COA 175, ¶ 43. ¶ 11 In addition to the right to counsel, a defendant in a criminal case has a constitutional right to testify in his own defense. People v. Curtis, 681 P.2d 504, 509-10 (Colo. 1984). One of defense counsel’s duties is to adequately advise her clients about the right. See People v. Naranjo, 840 P.2d 319, 323 (Colo. 1992) (explaining that a defendant is entitled to the “full and careful advice of his lawyer” before deciding whether to testify at trial (quoting Martinez v. People, 173 Colo. 515, 518, 480 P.2d 843, 844 (1971))). And like the right to counsel, the right to testify has been recognized as a fundamental right deserving of certain procedural safeguards. People v. Blehm, 983 P.2d 779, 786 (Colo. 1999). ¶ 12 Accordingly, a defendant may waive his right to testify, but only if the waiver is knowing, voluntary, and intelligent. Moore v. 
 5 People, 2014 CO 8, ¶ 10. To ensure a valid waiver, the trial court must provide a multi-part “Curtis advisement,” advising the defendant that, among other things, he has a right to testify and if he wants to testify then no one can prevent him from doing so. Id. ¶ 13 One of the purposes of a Curtis advisement is to preclude postconviction disputes between defendant and counsel, People v. Chavez, 853 P.2d 1149, 1153 (Colo. 1993), but disputes still arise. This is true even when the advisement was adequate. See Moore, ¶ 22 (a complete Curtis advisement is not dispositive of whether a defendant validly waived his right to testify). ¶ 14 At the same time, because a complete Curtis advisement strongly suggests that a defendant’s wavier of his right to testify was valid, a defendant who wants to challenge his waiver in the face of an adequate advisement may introduce new evidence showing that his waiver was not knowing, voluntary, and intelligent. Id. at ¶ 26. For example, he may put on evidence of “what [he] did or did not understand in waiving the right, what the attorney did or did not say; and any other pertinent circumstances relating to [his] condition at the time of the waiver.” Id. 
 6 ¶ 15 Advising a defendant not to testify, by itself, does not constitute ineffective assistance of counsel. People v. Layton, 200 Colo. 59, 61-62, 612 P.2d 83, 85 (1980). C. Analysis ¶ 16 In his motion, Hill alleged that his trial counsel was ineffective because counsel inadequately advised him about his right to testify at trial and then pressured him not to testify, rendering his eventual waiver of the right both “unknowing” and “involuntary.” (This despite the record reflecting that he received a complete Curtis advisement from the trial court.) ¶ 17 During the hearing, Hill explained that, looking back, he wanted to testify at trial that his sexual encounter with the victim was consensual because “if the jury would have heard my side of the story, I think they would have seen a bigger picture and seen that — maybe some truth in what I was saying.” As for why he did not testify, Hill said that his counsel, in a “very calm” manner, told him that he should not testify “because I think you’re going to lose the case,” and this “scared” him. On cross-examination, however, Hill admitted he both received and understood the trial court’s 
 7 advisement that he (1) had the right to testify if he wanted to and (2) could exercise the right even if his attorney did not want him to. ¶ 18 For her part, Hill’s trial counsel said that in preparation for Hill’s trial, she discussed with him that he would have to make a decision about whether or not to testify. Although counsel did not recall their exact discussion, she testified that her practice at the time was to “talk to my clients about the fact that they are the only ones who get to make the decision to testify or not,” and “[i]t’s my job as an attorney to be a good guide; to advise a client as to whether they should testify or not and what the implications are.” ¶ 19 Counsel further explained that she advised Hill not to testify partly because Hill “was a little bit foggy about what happened that night” and had “said that he was under the influence so he couldn’t remember everything.” This, counsel worried, would allow the prosecution to “make hay” of the gaps in his story. Additionally, she thought that the narrative Hill told her about the encounter being consensual was “generally consistent” with statements he had made to police after the incident that were going to be admitted at trial. Last, she explained that Hill was set to go to trial in a different case after the trial in this case, and that this case involved 
 8 CRE 404(b) evidence, so Hill “would be opening himself up to statements that he would be making not only in this case but that could potentially be used against him in the [other] case.” ¶ 20 In a written order, the postconviction court denied Hill’s ineffective assistance of counsel claim, finding that “based upon credibility factors,” it was “more likely [than not]” that trial counsel adequately advised Hill about his right to testify, and concluding that trial counsel’s advice not to testify was “objectively reasonable” because  Hill’s statements to police, which were played for the jury, articulated his story of a consensual encounter;  a prior felony conviction of Hill’s would have been revealed to the jury had he testified;  there was an open and unresolved case in another jurisdiction involving similar charges and similar factual allegations, and deciding to testify would have subjected Hill to cross-examination in that case; and  Hill’s recollection of counsel’s performance was not clear. ¶ 21 On appeal, Hill contends that the postconviction court erred because his trial counsel’s advice about testifying was not 
 9 “objectively reasonable,” as counsel “had no strategic reason not to call him,” his testimony “could not have hurt his case,” and “[w]ithout his testimony, the jury had no choice but to convict him.” ¶ 22 But these arguments are unpersuasive because we agree with the postconviction court that Hill’s trial counsel expressed legitimate reasons as to why she advised Hill not to testify, and the postconviction court credited her, and not Hill’s, testimony. ¶ 23 What is more, Hill admitted that when he waived his right to testify at trial, he understood that he had the right and could testify even if his counsel did not want him to. Accordingly, accepting that Hill was “scared” by the prospect of losing his case, and even assuming that his trial counsel told him that he “would” lose if he testified, the evidence demonstrates that Hill’s waiver was knowing, voluntary, and intelligent, and was not the product of coercion or of ineffective assistance of counsel. III. Ineffective Assistance of Appellate Counsel ¶ 24 Hill next contends that the postconviction court erred when it denied him a hearing regarding his appellate counsel’s alleged ineffectiveness. Again, we disagree. 
 10 A. Standard of Review ¶ 25 A district court’s denial of a Crim. P. 35(c) motion without a hearing is reviewed de novo. People v. Higgins, 2017 COA 57, ¶ 11. B. Applicable Law ¶ 26 Ordinarily, a defendant is entitled to an evidentiary hearing on the claims contained in his Crim. P. 35(c) motion. See People v. Simpson, 69 P.3d 79, 81 (Colo. 2003) (“To warrant a hearing, a defendant need only assert facts that, if true, would provide a basis for relief.”). Still, a court may deny a Crim. P. 35(c) motion without a hearing if “the motion, the files, and the record clearly establish that the allegations in the motion lack merit and do not entitle the defendant to relief.” Kazadi v. People, 2012 CO 73, ¶ 17; see also Crim. P. 35(c)(3)(IV). Bare and conclusory allegations are, likewise, insufficient. People v. Phipps, 2016 COA 190M, ¶ 18. ¶ 27 The test for determining whether a defendant has received ineffective assistance of appellate counsel is generally the same as the test for whether he has received ineffective assistance of trial counsel. People v. Ray, 2015 COA 92, ¶ 13. Application of the test will vary, however, depending on the type of claim presented. Id. 
 11 ¶ 28 As is relevant to this case, when the claim is that counsel’s performance was deficient because she overlooked a meritorious argument on appeal, the defendant must show that the ignored argument was “clearly stronger” than those presented. People v. Trujillo, 169 P.3d 235, 238 (Colo. App. 2007) (quoting Ellis v. Hargett, 302 F.3d 1182, 1189 (10th Cir. 2002)). It is not enough to show that the ignored argument was nonfrivolous. Id.; People v. Rodriguez, 914 P.2d 230, 249 (Colo. 1996) (rejecting a claim that appellate counsel was ineffective for failing to raise all available issues). And to demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel’s errors, he would have prevailed on appeal. People v. Long, 126 P.3d 284, 286 (Colo. App. 2005). C. Analysis ¶ 29 In his motion, Hill alleged that his appellate counsel was ineffective because although counsel raised two issues on appeal — that Hill’s statements to the police should have been suppressed and that the CRE 404(b) evidence should not have been admitted — counsel failed to raise an even stronger one: prosecutorial misconduct. 
 12 ¶ 30 Specifically, Hill asserted that his counsel should have argued that a prosecutor made “improper and prejudicial” statements during closing arguments when the prosecutor told the jury: “I suspect that in the next few minutes you will hear discussion alluding to credibility issues of [the victim], or allude that this was maybe a chance encounter, one-night stand, or act of prostitution. I am asking you don’t allow the defendant to further denigrate, humiliate [the victim].”2 ¶ 31 According to Hill’s motion, the statements were improper because it is “reasonably likely” that they “inflame[d] the passions of the jury to reach a decision based upon emotions and bias, instead of the evidence in the record.” The motion also argued that had the issue been raised on direct appeal, there is a “reasonable probability” that a division of this court would have determined that the statements were improper and, therefore, “the outcome of the proceedings would have been different.” 2 Hill objected to the statements at trial, but the court overruled his objection. 
 13 ¶ 32 In its order summarily denying Hill’s claim, the postconviction court explained that, in its opinion, the statements, while arguably improper, were at most harmless, and as such, the court could not conclude that Hill’s appellate counsel ignored an issue that was “clearly stronger” than the two that were presented. ¶ 33 On appeal, Hill contends that the postconviction court erred because the allegations in his motion were facially sufficient to warrant a hearing on his claim. We disagree because although the motion explained why Hill thinks his prosecutorial misconduct argument is a good one, neither it nor the reply filed in support thereof alleged how the argument was clearly stronger than the arguments that appellate counsel did make. In fact, there is no discussion whatsoever comparing the relative strength of the prosecutorial misconduct argument against either the suppression argument or the Rule 404(b) argument. And the bare allegation that Hill’s appellate counsel failed to raise a potentially meritorious argument “does not overcome the presumption that appellate counsel’s choice [to assert other arguments] was the result of a strategic election.” Trujillo, 169 P.3d at 239. 
 14 ¶ 34 Thus, we agree with the postconviction court’s decision to deny Hill’s claim without a hearing. See Taylor v. Taylor, 2016 COA 100, ¶ 31 (we may affirm on any ground supported by the record). IV. Conclusion ¶ 35 The order is affirmed. JUDGE HARRIS and JUDGE GOMEZ concur.